JOURNAL ENTRY AND OPINION
Robert Stacknick appeals from a judgment of the common pleas court denying his motion to suppress and finding him guilty of possession of crack cocaine. He assigns the following as error for our review:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MAKE FINDINGS OF FACTS AND STATE HER CONCLUSIONS OF LAW AFTER THE MOTION TO SUPPRESS HEARING WAS CONCLUDED. THE COURT ERRED IN FAILING TO SUPPRESS EVIDENCE SECURED AS A RESULT OF AN ILLEGAL TRAFFIC STOP.
 II. THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT/APPELLANT WAS STOPPED FOR A VALID TRAFFIC VIOLATION AND THAT THE SUBSEQUENT SEARCH OF HIS VEHICLE WAS VALID UNDER EXISTING LAW.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court.
The record before us reveals on June 18, 1999, Cleveland Police Detective Dennis Sweeney had been conducting surveillance in an unmarked police car on a residence located at 18412 Parkmount Road, Cleveland, Ohio, due to a complaint he received of possible prostitution and drug activity taking place at that location. After fifteen minutes, Sweeney observed a white male, later identified as Stacknick, leave the home, get into a blue Chevy, peel out of the driveway, and proceed down the street at a high rate of speed. Sweeney pursued the vehicle, activated his lights, and initiated a traffic stop. As he approached the vehicle, Sweeney noticed Stacknick lean to his right towards the floorboard. Stacknick appeared to be unkept, under the influence of a controlled substance, and his eyes were glassy. Sweeney informed him he had been speeding and asked for his driver's license. While Stacknick located his license, Sweeney looked down to the area that Stacknick had been leaning and saw an open cigarette box that contained what appeared to be two rocks of crack cocaine laying in plain view.
Sweeney removed Stacknick from the car and at that time Sergeant Kevin Becker arrived at the scene. Sweeney retrieved the suspected drugs from the car, and in doing so found a glass crack pipe with residue in it under the seat. Sweeney placed Stacknick under arrest and in response, Stacknick became hysterical, admitted he had a drug problem, and agreed to help the detective in investigating the people who sold him the crack cocaine.
Sweeney then began an inventory search of the vehicle, but later agreed to release it to one of Stacknick's friends so that it would not have to be towed. A zone car then transported Stacknick to jail. He later refused to assist the police as he had promised.
Thereafter, in November 1999, a grand jury indicted him for possession of drugs, and he entered a plea of not guilty. Stacknick filed a motion to suppress the evidence found against him, and the court conducted a hearing on the motion on February 28, 2000. The court denied the motion and the case proceeded to a bench trial and concluded with the court finding him guilty.
In his first assignment of error, Stacknick argues two points: one, the court erred in failing to make findings of fact and conclusions of law following the suppression hearing; and two, the court erred in failing to suppress the evidence seized.
Regarding the court's findings of fact and conclusions of law, the record reveals the court, prior to announcing its verdict, stated its findings of fact and conclusions of law as follows:
THE COURT: * * *
 With the facts established in this case and basically unrefuted is that the defendant was driving a car. We heard testimony from an officer that he was stopped for speeding, or whatever it happened to be, somewhat glazed and out of it, nervous and talkative. He was asked to — apparently there was in open view a cigarette box with three — two rocks that were visible and three that were finally seen.
 The only person in the car at that time was the defendant. There was also testimony unrefuted that there were admissions to the officers regarding possession of the drugs and use of the drugs in this particular case.
 So the Court finds that the elements of knowingly possessing are satisfied.
 We also have crack cocaine less than one gram. We had testimony here unrefuted from the SIU, or from the scientific expert, who examine the rocks, three rocks of cocaine that came in with weight of .30 grams.
The court then announced its finding of guilt. Additionally, to avoid any confusion, it further stated:
 THE COURT: For the record, the allocution I just made as to my findings is what I consider the findings of fact and conclusion of law to be in this particular matter. You need not request any in writing. I think I made an appropriate record at the time of the verdict.
MR. GONZALEZ: I'm not going to ask.
Therefore, it is clear from the record the court did state its findings of fact and conclusions of law. Further, defense counsel did not object to them at the time and cannot, at this point, raise it as error.
Regarding Stacknick's claim that the court erred in denying his motion to suppress, we begin our analysis with the appropriate standard of review. The court in State v. Lloyd (1998), 126 Ohio App.3d 95,709 N.E.2d 913, stated:
 [O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), 116 Ohio App.3d 286 citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604. * * * [T]his is the appropriate standard because in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Hopfer (1996), 112 Ohio App.3d 521. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.
At the suppression hearing, the state offered the testimony of Dennis Sweeney, a detective with the Cleveland Police Department and a member of the First District Strike Force. Sweeney testified to the facts leading up to Stacknick's arrest for possession of drugs. He stated on cross-examination that although he had been driving an unmarked police car on that night, his unit is a support unit and does handle traffic duty when the need arises.
The defense then called Stacknick, who testified Sweeney stopped him at 1:15 in the morning while he had been driving his mother's vehicle, and he had no knowledge of the box of cigarettes or the drugs being present in the car. He further testified the officers began asking him to cooperate with an investigation and neither officer showed him the contraband allegedly taken from the vehicle.
After receiving testimony from both witnesses, the court denied the motion.
During oral argument, appellant's counsel asserted Sweeney had not been qualified to testify regarding Stacknick's speed because he had not been in a marked car, nor had he been wearing a uniform as required by R.C.4549.13. However, we note that statute applies only to law enforcement whose sole duty is traffic enforcement. Here, Sweeney testified that in addition to conducting surveillance, his unit also handles traffic enforcement. More importantly, Sweeney's testimony regarding speed goes to his credibility, a matter left to the trier of fact. In this instance, the trier of fact concluded Sweeney's testimony had been more reliable than Stacknick's testimony.
In accordance with Lloyd, the court did not err when it denied the motion to suppress because it heard competent, credible evidence that Sweeney had probable cause to initiate a traffic stop, to wit: speeding, and then observed contraband in plain view. Thus, because the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses, we will not disturb its ruling. Accordingly, this assignment of error is not well taken.
In his second assignment of error, Stacknick asserts Sweeney did not have probable cause to stop him and the subsequent search had been illegal.
The Ohio Supreme Court has resolved this issue by holding that when an officer has probable cause to believe that a traffic violation is occurring, the stop is not unreasonable under the Fourth Amendment even if the officer had an ulterior motive for making the stop. Dayton v. Erickson (1996), 76 Ohio St.3d 665 N.E.2d 1091. The State's evidence showed Detective Sweeney observed Stacknick leave home, get into a blue Chevy, and peel out of the driveway at a high rate of speed. Sweeney pursued, activated his lights, and stopped the vehicle.
The trial court held that it believed the testimony of the officer regarding the probable cause to stop for speeding. Sweeney also testified that his unit handles traffic matters. Consequently, this evidence establishes probable cause to stop and any evidence found in plain view is admissible. See State v. Scott M. (1999), 135 Ohio App.3d 253,733 N.E.2d 653, citing Horton v. California (1990), 496 U.S. 128.
Stacknick insists that this court look at the record and conclude that this officer's motivation was improper. However, Dayton v. Erickson has resolved this issue, the test is objective, not subjective. Accordingly, the second assigned error is over-ruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ PATRICIA ANN BLACKMON, J:
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., CONCUR.