THE STATE OF OHIO, APPELLEE, *v.* BOWE ET AL., APPELLANTS.

(Nos. 13494 and 13505—Decided August 24, 1988.)

*Lynn C. Slaby,* prosecuting attorney, and *Marc R. Wolff,* for appellee.

*Vincent J. Alfera,* for appellants.

CACIOPPO, J. On October 5, 1987, a home located at 1854 16th Street, Akron, Ohio, was broken into. Kirk Lawson told police he observed two males going through the yard in that vicinity and gave the police a description of the men. Ed Reese reported to the police that he observed two males leaving in a car and gave the police the license plate number. Police went to the address of the license plate registrant. Reese and Lawson were taken to Ira Avenue to view possible suspects. They arrived at 313 Ira Avenue, a house which consisted of two apartments, one upstairs and one downstairs. The police had secured the outside perimeter of the house because they believed that the suspects were located in the upstairs apartment. From the time they received the license plate number, checked same and took witnesses to the address, no arrest warrant was obtained. The police heard the sound of a barking dog coming from the upstairs apartment and called trained personnel to remove the dog. However, before these personnel arrived, a passerby was allowed to go to the upstairs apartment and remove the dog. Shortly thereafter, another passerby was allowed to go to the upstairs apartment and speak to the suspects. This person came down and told police the suspects would be right down. A few minutes later, appellant James A. Bowe emerged; he was identified by Reese and Lawson, arrested and read his *Miranda* warnings. Before obtaining a search warrant, four officers entered the apartment and searched for the other suspect, appellant Wayne R. Adkins, who was discovered in a closet, covered with two VCRs and some bags.

Bowe and Adkins were charged with aggravated burglary. Both ap-

pellants made motions to suppress the evidence seized from the warrantless search. At the end of the suppression hearing, the state conceded that Bowe and Adkins lived at 313 Ira Avenue and, thus, had standing to challenge the warrantless search. At the hearing, two officers testified that Bowe consented to the search of the premises. Bowe testified that he did not consent to the search, and witnesses testified that police told Bowe that they had a search warrant on the way. Based upon this evidence, the court found that there was no consent to the search of the premises.

However, the trial court upheld the search on the basis that there were exigent circumstances justifying the warrantless entry and search of the premises. The court found exigent circumstances to exist because a crime of violence had been committed, and the police had trustworthy information that the suspect was in the apartment and that he might escape. The appellants went to trial. The jury returned a verdict of guilty against both appellants on the charge of aggravated burglary, and the court sentenced them accordingly. From this decision, both appellants have appealed.[1]

Adkins' First Assignment of Error

"The trial court erred in overruling appellant's motion to suppress the evidence seized in the warrantless search of appellant's residence, where there was no consent to search given, and there were no exigent circumstances justifying the entry into the premises and the subsequent search of the property and seizure of items found therein."

Bowe's Assignment of Error

"The trial court erred to the prejudice of the defendant-appellant by

---

[1] The appeals have been consolidated for argument and decision.

overruling defendant-appellant's motion to suppress evidence seized by the police at 313 Ira Avenue, Akron, Ohio, on October 5, 1987, since such evidence was seized in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution."

It is unconstitutional for the police to make a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest, absent exigent circumstances. *Payton* v. *New York* (1980), 445 U.S. 573. Warrantless searches are *per se* unreasonable absent specific exceptions. *Mincey* v. *Arizona* (1978), 437 U.S. 385, 390. In *Mincey,* the court noted that there are several exceptions to the warrant requirement which justify the warrantless entry and search of a home.

The first such exception is an "emergency situation." Such a situation arises when a person in the home is in need of "immediate aid" or there is a situation "threatening life or limb." *Id.* at 392-393. Nothing in the record indicates that the emergency exception applies to this case. No one was in need of immediate aid and the actions of the police allowing civilian passersby to enter the appellants' apartment destroys any argument that this was a situation threatening life or limb.

The second exception noted in *Mincey* is where the search was incident to a lawful arrest. *Id.* at 391. In the instant case, the search was conducted to locate and apprehend Adkins; thus, this exception is not applicable to this case.

A third exception is "hot pursuit." *Id.* at 394. In *Warden* v. *Hayden* (1967), 387 U.S. 294, the police entered a home less than five minutes after the entry of an armed robber. The United States Supreme Court approved this entry because delay would have gravely endangered the lives of the police or the lives of others. *Id.* at 298-299. In

the instant case, there was no evidence that the police or others were endangered. In fact, their actions, discussed *supra*, destroy any argument that a dangerous situation existed.

A fourth exception noted in *Mincey* is where the evidence could easily be removed or destroyed. *Id.* at 394. Here, the evidence (VCRs, cameras and radios) is not of a type easily destroyed, and the record does not reflect any indication that the police thought otherwise.

The trial court followed *Dorman* v. *United States* (C.A. D.C. 1970), 435 F. 2d 385, which set forth six factors that would constitute an immediate major crisis mandating a warrantless entry of a home: (1) the offense involved is a crime of violence; (2) the suspect is reasonably believed to be armed; (3) a clear showing of probable cause to believe that the suspect committed the crime involved; (4) a strong reason to believe that the suspect is in the premises being entered; (5) the likelihood that the suspect will escape if not swiftly apprehended; and (6) the entry, though not consented, is made peaceably. *Id.* at 392-393.

"[A]n important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made. * * *" *Welsh* v. *Wisconsin* (1984), 466 U.S. 740, 753. It has been held that a burglary without a weapon is not a grave enough offense to permit a warrantless home search or arrest. *People* v. *Sanders* (1978), 59 Ill. App. 3d 6, 374 N.E. 2d 1315 (cited in *Welsh, supra,* at 752). In the instant case, no violence was involved; there was no testimony that the appellants were armed at the time they burglarized the home or while they were in the apartment. Thus, the first two factors under *Dorman* were not present in this case.

The third, fourth and sixth factors were present in this case. The police had reasonably trustworthy information that the persons in the apartment committed the burglary and the entry of the police was made peaceably. Finally, the fifth factor of a likelihood that the suspect would escape is not present. In the instant case, the police had secured all exits from the home. Due to this, it is not likely that Adkins could have escaped.

Thus, under *Dorman* and *Mincey* there were no exigent circumstances justifying the warrantless entry of the appellants' apartment. The court erred in denying the appellants' motions to suppress the evidence obtained from the warrantless search.

Adkins' first assignment of error and Bowe's only assignment of error are well-taken.

Adkins' Second Assignment of Error

"The trial court erred in denying appellant's timely request for jury instructions as to the offenses of burglary and grand theft."

Due to our disposition of his first assignment of error, we need not discuss Adkins' final assignment of error.

The judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion and law.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and MAHONEY, J., concur.