The STATE of Ohio, Appellee,

v.

SCOTT M., Appellant.

[Cite as *State v. Scott M.* (1999), 135 Ohio App.3d 253.]

Court of Appeals of Ohio,
Sixth District, Erie County.

Nos. E–98–065 and E–98–066.

Decided Oct. 22, 1999.

*Kevin J. Baxter,* Erie County Prosecuting Attorney, and *Mary Ann Barylski,* Assistant Prosecuting Attorney, for appellee.

*Michael D. Kaufman,* for appellant.

Handwork, Presiding Judge.

This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, which, after denying his motion to suppress, found appellant, Scott M., guilty of two counts of contributing to the delinquency of a minor. For the reasons stated herein, this court reverses the judgment of the trial court.

Appellant sets forth the following four assignments of error:

"1. The trial court erred by ruling that exigent circumstances existed at the time of the warrantless entry of defendant/appellant's apartment.

"2. The trial court erred by failing to suppress the results of the Alco Sensor III test, administered by the arresting officers and the testimony of any witnesses in the apartment, after the warrantless entry of Mr. [M.'s] apartment.

"3. The trial court erred in failing to apply the correct standard in determining whether exigent circumstances existed.

"4. The trial court erred in that it mistakenly applied a 'good faith' exception to the exclusionary rule in a warrantless search of a home."

The following facts are relevant to this appeal. In August 1998, appellant was charged with two counts of contributing to the delinquency of a minor. The charges stemmed from his arrest on August 5, 1998, at a party in his apartment. Police officers, responding to a complaint of loud music coming from his apartment, arrested appellant when they observed persons they thought to be juveniles with alcohol. These persons later tested positive for consumption of alcohol.

At the hearing on the motion to suppress, one officer testified that an unidentified person opened the outside locked door to the apartment building and let the officers enter. He testified further that the door to appellant's apartment was ajar when he and the other officer approached. He knocked on the door, and an unidentified female came to the doorway. The officer testified that she opened the door wide enough for the officers to step inside the doorway of the apartment. When the unidentified female responded that she did not live at the residence, the officer asked that she find the resident of the apartment. This officer testified that while he was waiting inside the doorway, he saw three persons who appeared to be juveniles carrying beer cans. When appellant met the officers at the doorway, the officer questioned appellant about the loud music and ages of the suspected juveniles. When appellant asked the officers to step outside the apartment, the officers refused. This officer testified that appellant requested that he be arrested and the others left alone. Ultimately appellant was arrested. Portable breath analysis tests were administered to the suspected juveniles.

Appellant filed a motion to suppress all evidence obtained as a result of the illegal entry into his apartment, including the results of the portable breath analysis tests. The trial court denied his motion to suppress, stating that "there were exigent circumstances existing at the time that—to allow the police to gain entry without a warrant and those circumstances being the commission of a crime, that the officers were there in good faith." Appellant was convicted and sentenced. This appeal was timely filed.[1]

In all four assignments of error, appellant challenges the trial court's denial of his motion to suppress evidence obtained as the result of the warrantless entry of his apartment. This court finds merit in these assignments of error.

 Appellate review of a denial of a motion to suppress presents a mixed question of law and fact. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Smith* (1997), 80 Ohio St.3d 89, 105, 684 N.E.2d 668, 685. Accordingly, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Rhude* (1993), 91 Ohio App.3d 623, 626, 632 N.E.2d 1391, 1393; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726, 726–727. Accepting those facts as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141, 1142–1143; *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143–1144.

Freedom from indiscriminate searches and seizures is protected by the Fourth Amendment to the United States Constitution, which guarantees "[t]he right of the people to be secure in their * * * houses * * * against unreasonable searches and seizures." The amendment further provides that "no Warrants shall issue, but upon probable cause." Invasion of the sanctity of the home has thus been recognized as "the chief evil against which the wording of the Fourth Amendment is directed." *United States v. United States Dist. Court, E. Michigan* (1972), 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752, 764. In *Payton v. New York* (1980), 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639, 653, the United States Supreme Court stated that "the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."

---

1. Two separate appeals were filed, one for each case of contributing to the delinquency of a minor. This court *sua sponte* consolidated both cases on October 5, 1998.

■ Warrantless searches of residences are considered *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (Footnote omitted.) *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585; see, also, *Mincey v. Arizona* (1978), 437 U.S. 385, 390, 98 S.Ct. 2408, 2412, 57 L.Ed.2d 290, 298–299. Consistent with this notion, judicial interpretation of the amendment has established that a presumption of unreasonableness attaches to all warrantless home entries. *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639; *Welsh v. Wisconsin* (1984), 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732. To overcome the presumption, the burden is placed upon the government to demonstrate that the search falls within one of the exceptions to the warrant requirement. *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 376–377, 373 N.E.2d 1252, 1255.

■ The four exceptions to the warrant requirement justifying a warrantless search of a home are (1) an emergency situation, (2) search incident to an arrest, (3) hot pursuit, and (4) easily destroyed or removed evidence. *State v. Cheers* (1992), 79 Ohio App.3d 322, 325, 607 N.E.2d 115, 117. In the case *sub judice,* the trial court found that exigent circumstances existed.

The issue of what constitutes exigent circumstances was addressed by the United States Supreme Court in *Welsh v. Wisconsin* (1984), 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L.Ed.2d 732, 743, when it stated:

"Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. When the government's interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate." (Citation and footnote omitted.)

The *Welsh* case has generally been construed to mean that the exigent-circumstances exception applies only to felony offenses, not misdemeanors. See *State v. Davis* (1999), 133 Ohio App.3d 114, 726 N.E.2d 1092; *Cleveland v. Shields* (1995), 105 Ohio App.3d 118, 122, 663 N.E.2d 726, 728.

■ In *State v. Bowe* (1988), 52 Ohio App.3d 112, 114, 557 N.E.2d 139, 141–142, the appellate court identified the six factors constituting exigent circumstances allowing a warrantless entry of a home as established by federal courts.[2] We

---

2. In *Bowe,* the court identified the following six factors:
 "(1) the offense involved is a crime of violence;

have reviewed those factors and conclude that there were no exigent circumstances justifying the warrantless entry in the case *sub judice*. The first two factors were not present: no violence was involved, nor were any persons armed. Additionally, the fifth factor, the likelihood that anyone would escape, is not present. In this case, the police could have secured the apartment. In regard to any argument concerning dissipation of evidence, the crime with which appellant was charged, R.C. 2919.24, does not require that the state prove that the juveniles have a certain alcohol content for appellant to be convicted. This court need not discuss the remaining factors listed in *Bowe*, for, as in *Bowe*, we conclude that there were no exigent circumstances justifying the warrantless entry of the apartment.

 It is well settled that a warrantless search or seizure does not violate the Fourth and Fourteenth Amendments if performed with the voluntary consent of the person whose privacy rights are at issue. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–2044, 36 L.Ed.2d 854, 858. There is no competent and credible evidence that appellant gave consent to the officers to enter the apartment. The voluntary opening of a door does not constitute voluntary consent to enter over the threshold into the apartment. *State v. Robinson* (1995), 103 Ohio App.3d 490, 495, 659 N.E.2d 1292, 1295 (officers' entry exceeded the scope of defendant's voluntary consent of opening door when the officers forced their way over the threshold and into the apartment).

There was no testimony that the officers were invited inside the apartment. At the hearing on the motion to suppress, one officer testified that he knocked on the door and an unidentified female came to the doorway, that she opened the door "wide enough for the officers to step inside the doorway" of the apartment, and that the unidentified female told the officers that she did not live at the residence. Once the officers knew that she did not live at the apartment and, therefore, that she did not possess common authority over the apartment, the officers knew that she could not give consent to their entry. *Illinois v. Rodriguez* (1990), 497 U.S. 177, 188, 110 S.Ct. 2793, 2801, 111 L.Ed.2d 148, 161.[3]

"(2) the suspect is reasonably believed to be armed;

"(3) a clear showing of probable cause to believe that the suspect committed the crime involved;

"(4) a strong reason to believe that the suspect is in the premises being entered;

"(5) the likelihood that the suspect will escape if not swiftly apprehended; and

"(6) the entry, though not consented, is made peaceably." 52 Ohio App.3d at 114, 557 N.E.2d at 141.

**3.** The facts in the case *sub judice* are clearly distinguishable from those of *State v. Sauers* (Mar. 29, 1996), Wood App. No. WD–95–075, 1996 WL 139632. In that case, the issue before this court was the trial court's determination at a suppression hearing that the police officers reasonably believed, at the time of the invitation to a house, that they were invited in by one

■ Furthermore, once appellant came to the doorway, he asked that the officers step outside his apartment. The Fourth Amendment gives appellant a constitutional right to refuse to consent to an entry and a search, and the assertion of that right cannot be a crime. *Camara v. Mun. Court of San Francisco* (1967), 387 U.S. 523, 530–533, 87 S.Ct. 1727, 1731–1733, 18 L.Ed.2d 930, 936–938. Thus, this court finds that no consent to enter was given.

Having found neither exigent circumstances nor consent, this court must address the final reason given by the trial court for denying appellant's motion to suppress: good faith. Within limited parameters, courts have allowed exceptions to the exclusionary rule based on the good-faith exception to the warrant requirement. The good-faith exception was first recognized by the United States Supreme Court in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. As the Supreme Court explained in *Leon:*

" 'The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force.' " *Id.* at 919, 104 S.Ct. at 3418, 82 L.Ed.2d at 696, quoting *Michigan v. Tucker* (1974), 417 U.S. 433, 447, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182, 194.

■ The Ohio Supreme Court adopted this exception in *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236, paragraphs one and two of the syllabus.[4] The good-faith exception should be applied in the context of a

---

who had authority to consent to their entrance. In *Sauers,* one of the officers testified that he did not ask the male who admitted the officers if the male had authority to let them inside. However, the male, who did not have authority, testified that he informed the officer that he was not a resident before he let the officers inside. Because the trial court's determination at the suppression hearing was a matter of credibility of witnesses determination, this court would not disturb the trial court's determination.

In contrast, in the case *sub judice,* there was no testimony that the police were *invited* inside. The testimony was that the officers entered, without invitation, when the door was opened.

4. In *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236, paragraphs one and two of the syllabus, the Ohio Supreme Court held:

"1. The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. (*United States v. Leon* [1984], 468 U.S. [897, 104 S.Ct. 3405], 82 L.Ed.2d 677, followed.)

"2. Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence because the search warrant is

search pursuant to a search or arrest warrant that is later found defective. See, *e.g., State v. Johnson* (1988), 48 Ohio App.3d 256, 549 N.E.2d 550.

In the case *sub judice,* no warrant was issued, and thus the good-faith exception to the warrant requirement is inapplicable. Therefore, this court concludes that the warrantless entry was unreasonable and in violation of the Fourth Amendment to the United States Constitution.

The warrantless seizure by a law enforcement officer of an object in plain view does not violate the Fourth Amendment if (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed, (2) the officer has a lawful right of access to the object, and (3) the incriminating character of the object is immediately apparent. *Horton v. California* (1990), 496 U.S. 128, 136–137, 110 S.Ct. 2301, 2307–2308, 110 L.Ed.2d 112, 122–123. The focus of this court is upon the first criterion of the plain-view doctrine, *i.e.,* that the seizing officer attain his vantage point in compliance with the Fourth Amendment. Satisfaction of that criterion requires that the initial intrusion that brings the officer within plain view either arise in a context in which the Fourth Amendment is inapplicable or fall within the permissible scope of a search conducted pursuant to a warrant or under a recognized exception to the warrant requirement. *Id.* at 134–136, 110 S.Ct. at 2306–2308, 110 L.Ed.2d at 121–123.

Having concluded that the officers' entry into appellant's apartment, the place from which the juveniles were plainly viewed, violated his Fourth Amendment rights, we hold that the first criterion of the plain-view doctrine has not been met. Thus, the plain-view exception to a warrantless search and seizure is not applicable.

Accordingly, appellant's assignments of error are found well taken.

On consideration whereof, the judgment of the Erie County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to the trial court for proceedings consistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

SHERCK and PIETRYKOWSKI, JJ., concur.

---

found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way."