DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant William Carrigan has appealed a decision of the Summit County Court of Common Pleas that denied his motion to suppress evidence. This Court affirms.
 I {¶ 2} On December 10, 2002, Mark Krieger of the Summit County Sheriff's Department received information from a fellow officer that Appellant was at an apartment in the Studio City Apartment complex. Officer Krieger testified that Appellant was known to the police because he had already gone to prison once for the attempted manufacture of drugs. He was also known to police because several months earlier, he was riding in a car with Matthew Gillespie ("Gillespie") when the car was part of a traffic stop that resulted in the arrest of Gillespie on drug related charges. Officer Krieger had also been told that Gillespie's car was parked in front of Appellant's apartment. In addition, the Sheriff's Department had recently received information from a source that Appellant was in his Studio City apartment "cooking," meaning cooking methamphetamine.
 {¶ 3} Based on this information, Officer Krieger and Detective Alan Pipes of the Cuyahoga Falls Police Department established surveillance of Appellant's apartment and its surrounding area on December 11, 2002. Soon after the officers established surveillance, Officer Krieger knocked on the door of Appellant's apartment. Appellant eventually came to the door, at which time Officer Krieger asked Appellant if Gillespie had left any belongings in Appellant's apartment. Appellant stepped into the hallway to speak to Officer Krieger, and stated that Gillespie had not left anything in his apartment. Officer Krieger then asked Appellant if he and a fellow officer could search Appellant's apartment, at which point Appellant refused them entry, ended his conversation with police and went back inside his apartment.
 {¶ 4} The police went back outside and re-established surveillance of Appellant's apartment. They soon saw Appellant leave his apartment to walk his dog. Officer Krieger testified that Appellant "was looking around really hard." Appellant took his dog back inside, then soon left the apartment again with a large black garbage bag in hand He threw the bag into the dumpster adjacent to the apartment and went back inside his apartment. Officer Krieger retrieved the bag from the dumpster and found numerous items in it that were indicative of methamphetamine production. Officer Krieger determined that, given the circumstances, a search warrant was justified and immediately left the scene to obtain a search warrant.
 {¶ 5} While en route to secure a search warrant, Detective Pipes and other law enforcement officers remained on the scene to continue the surveillance of Appellant's apartment. Officer Krieger received a phone call from the officers on the scene informing him that Appellant had attempted to leave his apartment complex, at which time the officers approached Appellant and asked him to sign a form granting them consent to search his apartment. Appellant signed the consent form and a search was immediately conducted. Officer Krieger returned to the Studio City apartment and participated in the search. Officer Krieger testified that during the course of the search, police found numerous items related to the production and use of methamphetamine and other illegal drugs. While the search was still underway, Officer Krieger left the apartment, Mirandized
Appellant, then began questioning him regarding the discovered items.
 {¶ 6} On December 16, 2002, Appellant was indicted by the Summit Country Court of Common Pleas on one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A). Appellant filed a motion to suppress all evidence seized as a result of the search of his apartment. In his motion to suppress, Appellant argued that the search of his home was done without a warrant or other "justification" and was, therefore, a violation of his constitutional right to be protected against unreasonable searches and seizures. He also argued that police did not have probable cause to secure a search warrant. Appellant asked the trial court to suppress all of the evidence obtained as a result of what he claimed was the illegal search of his apartment.
 {¶ 7} The trial court held a hearing on February 13, 2003, at which time counsel argued that Appellant's ability to consent to the search of his apartment was impaired because he was "high" and "out of it." The trial court denied Appellant's motion to suppress on March 4, 2003, and the case was set for trial. On May 27, 2003, Appellant pleaded no contest to the charge as set forth in the indictment, was found guilty by the court, and sentenced to a term of three years incarceration. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"The failure of the trial court to suppress the evidence gained through the search of 2270 winter parkway, apartment number 1, is not in [accordance] with law in that the entry, search and seizure of the property violated appellant's rights under thefourth and fourteenth amendments to the united states constitution and article 1, section 14 of the ohio constitution."
 {¶ 8} In his sole assignment of error, Appellant has argued that the police search of his apartment and the seizure of evidence obtained therein constituted an illegal search and seizure. Specifically, he has argued that although he granted police consent to enter and search his apartment, his consent was not voluntary and was, therefore, invalid. He also has argued that all evidence obtained as a result of the search should have been suppressed by the trial court. We disagree.
 {¶ 9} "An appellate court reviews a trial court's decision on a motion to suppress de novo." State v. Cummings (Jan. 16, 2002), 9th Dist. No. 20609, at 4; citing State v. Bing (1999),134 Ohio App.3d 444, 448. This Court must review the facts only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Cummings, supra, at 5. As a result, this Court must accept the factual determinations of the trial court if those determinations are supported by competent, credible evidence. State v. Curry (1994), 95 Ohio App.3d 93,96. This Court will not afford deference to the trial court's conclusions, but will determine "whether, as a matter of law, the facts meet the appropriate legal standard." Id.
 {¶ 10} The Fourth Amendment to the United States Constitution, as applied to the states through theFourteenth Amendment, prohibits unreasonable searches and seizures. Section14, Article I of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment, and similarly prohibits unreasonable searches and seizures. See State v.Kinney (1998), 83 Ohio St.3d 85, 87, certiorari denied (1999),526 U.S. 1007, 119 S.Ct. 1148, 143 L.Ed.2d 214. Absent exigent circumstances, a warrantless search or seizure effected in a home is per se unreasonable. Payton v. New York (1980),445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639. There are, however, four exceptions to the requirement that police obtain a warrant prior to conducting a search: (1) an emergency situation; (2) a search incident to lawful arrest; (3) "hot pursuit"; and (4) easily destroyed or removed evidence. State v. Jones, 9th Dist. No. 21158, 2003-Ohio-730, at ¶ 18, citing State v. Bowe (1988),52 Ohio App.3d 112, 113-114, certiorari denied (1989),489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860. In addition, a person may give police consent to conduct a search. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 219, 93 S.Ct. 2041,36 L.Ed.2d 854.
 {¶ 11} In the case sub judice, Appellant has argued that police coerced and badgered him into granting them consent to search his apartment, thus deeming his consent invalid and all evidence obtained subject to suppression. The State has argued that Appellant failed to raise the issue of police coercion and badgering in his motion to suppress at the trial court level and, therefore, Appellant's argument should be deemed waived.
 {¶ 12} The Ohio Supreme Court has held that "the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure." State v. Peagler (1996), 76 Ohio St.3d 496, 500. A defendant's failure to adequately raise the basis of his challenge constitutes waiver of that issue on appeal. Id. Such challenges are deemed waived because "[t]he prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits." (Citations omitted.) Id.
 {¶ 13} In his motion to suppress filed at the trial court, Appellant argued that "the officers did not have a warrant or justification to enter [his] home[.]" Appellant cited legal precedent for the proposition of law that evidence obtained without a warrant and outside of the confines of one of the exceptions to the warrant requirement is tainted and subject to suppression. In essence, Appellant set forth a recitation of the law regarding the Fourth Amendment, yet he failed to apply the facts of his case to the legal precedents that he cited. Furthermore, nowhere in his motion to suppress or at the suppression hearing did Appellant assert that he was badgered or coerced into consenting to the police search of his apartment on December 11, 2002. However, at the suppression hearing, Appellant did argue that his Miranda rights had been violated when police spoke to him as he was leaving his apartment and when he granted police consent to search his apartment. He further argued that, as a result, all evidence obtained from the search of his apartment should have been suppressed. At the suppression hearing, just as in his written motion to suppress, Appellant did not argue that police badgered or coerced him into granting them consent to search his apartment.
 {¶ 14} The trial court denied Appellant's motion to suppress, stating that "[w]hat must be determined here is whether [Appellant] was in custody and interrogated" when the police officers asked him if he would consent to the search of his apartment. The trial court addressed the Miranda issue that Appellant argued to the trial court. It did not address the issue of whether or not Appellant's consent to search was the result of police badgering or coercion, and therefore invalid, because Appellant did not raise the issue to the trial court. It was only on appeal to this Court that the issue of coercion and police badgering was first argued by Appellant.
"[W]hile an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof. A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue." Peagler,76 Ohio St.3d at 501.
 {¶ 15} Consequently, we find that Appellant waived the argument that his consent to search was invalid because it was the product of police badgering and coercion. As such, the trial court did not err in denying Appellant's motion to suppress. Appellant's assignment of error lacks merit.
 III {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Carr, P.J., and Batchelder, J., concur.