DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the January 27, 2004, judgment of the Fulton County Court, Western District, which sentenced appellants following their convictions. Finding the sole assignment of error well-taken, we reverse the decision of the lower court. Appellants, Ronald Christian, Alan Utz, and Aaron Spiess, assert the following single assignment of error on appeal:
 {¶ 2} "The trial court erred to the prejudice of appellants by denying their respective motions to suppress, as the evidence against them was obtained in violation of their rights as afforded by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 14 and 10, of the Ohio Constitution."
 {¶ 3} Alan Utz was charged with violating Wauseon City Ordinance 529.02, contributing to the delinquency of a minor by having a party where alcohol and minors were present, and violating R.C. 4301.69(E)(1), knowingly consumed alcohol while under the age of 21. Christian was charged with violating R.C.2925.14(C), knowingly possessing drug paraphernalia, and R.C.4301.69(E)(1), knowingly consumed alcohol while under the age of 21. Spiess was charged with violating R.C. 4301.69(E)(1), knowingly consumed alcohol while under the age of 21.
 {¶ 4} Appellants all filed motions to suppress the evidence obtained by the police on grounds that the entry by the police and search of 425 Cole Street, Wauseon, Ohio, was unconstitutional. Following a hearing, the court denied the motions. Each appellant then entered a no contest plea. Appellants were found guilty of the charges and were sentenced.
 {¶ 5} On appeal, appellants argued that the trial court erred by denying their motions to suppress.
 {¶ 6} The following evidence was submitted at the motion to suppress hearing. Officer Courtney testified that on August 30, 2003, he and two other officers responded to a complaint about a loud music, underage drinking party at an apartment at 425 Cole Street, Wauseon, Ohio. As they approached the home, they could hear the loud music. They waited a few minutes to be sure that the volume was continuous and then knocked on the door. When someone asked who was there, Officer Rogers, who stood away from the door so that he could see the open window of the apartment, responded. Shortly afterwards, a juvenile opened the door. Officer Courtney asked to speak to the resident and the juvenile left the door open and ran upstairs. Officer Rogers also testified that the juvenile left the door open and ran. Officer Courtney testified that the officers waited ten-to-fifteen seconds and then decided that they should enter because someone might be destroying evidence or hiding something. When they got to the top of the stairs and looked in the apartment, they saw the defendants holding beer bottles. Utz said that he was renting the apartment. They found the juvenile that had answered the door hiding in the closet with another male.
 {¶ 7} Zack Utz, Utz's brother, testified that he was visiting his brother on August 30, 2003. When he heard the knock on the door, he opened the door. He testified that he told the officers, "Wait here, it's my brother's house, I'll go get the owner." He then turned around and shut the door, and went back upstairs. When he was halfway up the stairs, he heard the door open and saw the light from their flashlights. He went into the apartment and told the others that the police were there. He remembered that he shut the door because he had been in this situation before.
 {¶ 8} Alan Utz, the resident of the apartment, testified that he invited the other appellants to his home. Utz recalled asking the police what right they had to enter the apartment. They told him that his brother had left the door open and may have been running upstairs for a gun. Utz admitted that he knew that the other people at the party were underage but he let them consume alcohol anyway.
 {¶ 9} During the hearing, the court stated that it did not find Zack Utz's testimony credible, especially since he was later found hiding in the closet. The court also stated that once the officer saw the underage individuals with beer bottles in their hands, they had a right to enter the premises. The court later denied the motions without stating its reasoning.
 {¶ 10} We apply a de novo standard of review when reviewing a ruling on the legal issues involved in a motion to suppress.State v. Klein (1991), 73 Ohio App.3d 486, 488. We begin by addressing the issue of whether the police violated Alan Utz's constitutional rights when they searched his apartment.
 {¶ 11} Warrantless searches are presumptively unconstitutional. Payton v. New York (1980), 445 U.S. 573, 586. Therefore, the prosecution has the burden of proving that the warrantless search at issue was justified under one of the recognized exceptions to the warrant requirement. Katz v.United States (1967), 389 U.S. 347, 357; United States v. Jeffers
(1951), 342 U.S. 48, 51; State v. Kessler (1978),53 Ohio St.2d 204. The state claims in this case that the police had exigent circumstances to justify the warrantless search. However, this court has previously held that the exigent circumstances exception is not applicable to misdemeanor offenses. State v.Davis (1999), 133 Ohio App.3d 114, 121, and State v. Scott M.
(1999), 135 Ohio App.3d 253, 258, citing Welsh v. Wisconsin
(1984), 466 U.S. 740, 750, and Cleveland v. Shields (1995),105 Ohio App.3d 118, 122.
 {¶ 12} More importantly, the officers in this case did not have probable cause to believe that a minor was drinking. No search, even for exigent circumstances, can be conducted without probable cause. State v. Akron Airport Post No. 8975 (1985),19 Ohio St.3d 49, 51, certiorari denied (1986), 474 U.S. 1058. Here, the officers were investigating a complaint of loud noise and underage drinking. While they confirmed that there was loud noise, they did not observe any drinking until after they entered the premises. The state argues that the fact the juvenile who answered the door looked young and ran after he answered the door were sufficient facts to give rise to probable cause to believe that the underage drinking complaint was true. We disagree. Even in the case cited by the state, State v. Hamilton (Aug. 11, 1999), 9th Dist. App. No. 2903-M, the officers observed beer cases being carried into the home and observed through a window that there were open and empty beer bottles inside the home. The mere fact that a juvenile ran away after seeing the officers does not give rise to probable cause to believe that underage drinking was occurring.
 {¶ 13} Therefore, with respect to Alan Utz, we find that the trial court erred by failing to grant his motion to suppress. We find that the police violated his constitutional rights when they entered the premises without probable cause or a warrant.
 {¶ 14} Second, we agree with the state that appellants Christian and Spiess lack standing to challenge the constitutionality of the search of Utz's home. These appellants, since they were only guests at the party, did not have a legitimate expectation of privacy in the apartment. Minnesota v.Carter (1998), 525 U.S. 83, 90, State v. Grier (Nov. 25, 1987), 1st Dist. App. No. C-860714. We reject appellants' arguments that Utz somehow conferred an expectation of privacy to his guests or that these guests were akin to the houseguests described in Minnesota v. Olsen (1990), 495 U.S. 91, 99-100.
 {¶ 15} Nonetheless, because we find that the officers lacked probable cause to search Utz's apartment and that the illegally-seized evidence should have been excluded, this evidence cannot be used against Utz's codefendants. When a defendant with proper standing moves for suppression of illegally-seized evidence, and his motion is granted, the evidence cannot be used against any codefendant. McDonald v.United States (1948), 335 U.S. 451, 456; United States v.Graham (C.A. 6, 1968), 391 F.2d 439, 445-446 certiorari denied (1968), 393 U.S. 941 (the correctness of extending a derivative right to a codefendant may be questionable today but was clearly intended by the McDonald court); United States v. Pepe (C.A. 2, 1957), 247 F.2d 838, 841; and United States v. Serrano (C.A. 2, 1963), 317 F.2d 356.
 {¶ 16} Having found that the trial court committed error prejudicial to appellants, the judgment of the Fulton County Court, Western District, is reversed. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., concur.