[Cite as *State v. Berg*, 2014-Ohio-2745.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26953 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| WALTER I. BERG | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 08 2356(A) |

DECISION AND JOURNAL ENTRY

Dated: June 25, 2014

BELFANCE, Presiding Judge.

{¶1} Appellant, Walter I. Berg, appeals the decision of the Summit County Court of Common Pleas denying his motion to suppress evidence. For the reasons set forth below, we affirm.

I.

{¶2} In August 2012, an anonymous tipster informed the police that Michael Spears, who was wanted for a felony related to methamphetamine, was present at 601 Maringo Avenue in Akron. Mr. Spears lived at 644 East Archwood Avenue in Akron while Mr. Berg and Ms. Brenda Carroll lived at 601 Maringo Avenue. Officer Joseph Sidoti and other officers arrived at 601 Maringo Avenue around 11:00 p.m. Officer Sidoti knew that police had been called to 601 Maringo Avenue several times before for shots fired or for drug activity and that there was a camera pointing at the front door. Officer Sidoti planned to knock at the door of the residence; therefore, he and the other officers strategized about their approach.

{¶3} Officer Sidoti and other officers took up positions at the front of the house, while the remaining officers walked to the back to prevent anyone from escaping out the back door. While Officer Sidoti was at the front of the house, a man later determined to be Mr. Berg walked out the front door, approximately 25 feet away from Officer Sidoti. Officer Sidoti noticed that Mr. Berg was holding a metal object in his hand that he thought could be a knife. It was too dark for Officer Sidoti to determine whether Mr. Berg was Mr. Spears or whether the object he was holding was actually a knife.

{¶4} Officer Sidoti turned on the flashlight attached to his rifle. With the flashlight on, Officer Sidoti was able to determine that Mr. Berg matched the basic description of Mr. Spears. Officer Sidoti yelled, "Police. Freeze." Mr. Berg ran back inside the house and locked the door. Officer Sidoti heard yelling and commotion coming from inside or behind the house and became concerned that someone might be injured.

{¶5} Officer Sidoti and other officers ran to the front door and began pounding on the door and stating that they were police officers. As Officer Sidoti attempted to kick the door open, Ms. Carroll opened the door from the inside. The officers then entered the house and detained Mr. Berg and Ms. Carroll. Once the officers were inside the house, Officer Sidoti saw a glass plate with white residue on it, coffee filters, and a measuring cup on the kitchen table. Officer Sidoti testified that he could see the items on the kitchen table from a position near the front door due to the house's open floor plan. Officer Sidoti knew that these items were generally used to make methamphetamine.

{¶6} The officers then performed a protective sweep of the house. During the protective sweep, they learned that the object Officer Sidoti had seen in Mr. Berg's hand had been a screwdriver. In addition, they talked to Mr. Berg and learned that he was not Mr. Spears.

Mr. Berg told the officers that he had obtained the coffee filters from someone who made methamphetamine and that he was attempting to get any remaining methamphetamine residue out of them for his own use. Mr. Berg was then arrested and taken to the Summit County Jail.

{¶7} The next day, Officer Sidoti went to get a search warrant for 601 Maringo Avenue which named the items he had seen on the kitchen table, such as coffee filters, a glass plate with white residue, and a measuring cup. After Officer Sidoti obtained the search warrant, another officer returned to the house later that day and took the named objects. The glass plate and white residue found on the kitchen table tested positive for methamphetamine.

{¶8} Mr. Berg was charged with aggravated possession of drugs. Mr. Berg moved to suppress the evidence found after the search of 601 Maringo Avenue. The trial court denied this motion, and Mr. Berg later pleaded no contest to the charge of aggravated possession of drugs so that he could appeal the denial of his suppression motion.

{¶9} Mr. Berg has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶10} In his sole assignment of error, Mr. Berg argues that the trial court erred in denying his motion to suppress evidence found from the search of his house. We disagree.

{¶11} Generally, review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Thus, we defer to the trial court's findings of fact if they are supported by competent, credible evidence and review its application of the law to the facts de novo. *State v. Metcalf,* 9th Dist. Summit No. 23600, 2007-Ohio-4001, ¶ 6.

**{¶12}** The Fourth Amendment to the U.S. Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. A warrantless search is per se unreasonable under the Fourth Amendment, subject to several exceptions. *California v. Acevedo*, 500 U.S. 565, 580 (1991). One such exception exists when there is probable cause coupled with the existence of exigent circumstances. *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002). The determination of whether exigent circumstances exist requires examination of the factual circumstances of each particular case. *Missouri v. McNeely*, __U.S. __, 133 S.Ct. 1552, 1559 (2013). One example of exigent circumstances is the emergency aid exception, which allows officers to "enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006), citing *Mincey v. Arizona*, 437 U.S. 385, 392 (1978). To determine whether a law enforcement officer faced an emergency that justified acting without a warrant a court must examine the totality of circumstances. *McNeely* at 1559.

**{¶13}** In light of the arguments raised by Mr. Berg, the focus of our constitutional inquiry is whether the warrantless entry into Mr. Berg's home was permissible due to the presence of exigent circumstances. In this regard, Mr. Berg contends that the claim that police heard commotion inside the home while banging on the door is "dubious" and the suggestion that someone was possibly harmed or assaulted is "ludicrous" and without any factual basis. Thus, Mr. Berg's challenge to the existence of exigent circumstances is essentially a challenge to the credibility of the testimony presented at the suppression hearing.[1]

---

[1] We note that in his merit brief, Mr. Berg seems to suggest that *Steagald v. United States*, 451 U.S. 204 (1981) and *State v. Bowe*, 52 Ohio App.3d 112 (9th Dist.1988) are determinative of this case. However, his reliance upon both cases is misplaced. Both *Steagald* and *Bowe* emphasize that their rulings apply when no exigent circumstances exist to justify warrantless entry. *Steagald* at 212 ("The search at issue here took place in the absence of

{¶14} As noted above, when the officers arrived at 601 Maringo Avenue, they were engaged in a search for a suspect, Mr. Spears. Officer Sidoti testified that the original plan was to knock on the door of 601 Maringo Avenue, identify themselves as police officers, and ask whoever answered the door if Mr. Spears was there. He further testified that, if the officers had been denied entrance to the house, they would have left.

{¶15} When Mr. Berg came out of the house and stood outside, Officer Sidoti testified that the officers were surprised and unprepared. They had not been expecting anyone to leave the house before they knocked at the door to ask if Mr. Spears was there. Officer Sidoti further testified that, in the dark, Mr. Berg appeared to match the description of Mr. Spears, and Mr. Berg also appeared to be carrying a weapon. Officer Sidoti called out to Mr. Berg, who responded by running back into the house and locking the door. He then heard commotion from which he concluded that that someone inside the house had been harmed or was at risk of harm.

{¶16} Officer Sidoti was the sole witness during the suppression hearing, and we are mindful that the trial court had the opportunity to assess his demeanor at the hearing. The trial court, as reflected in its journal entry, clearly found Officer Sidoti to be credible, and it specifically based its decision upon the "credible testimony" of Officer Sidoti. Given the totality of the circumstances present in the record of this case, we cannot conclude that the trial court erred in overruling Mr. Berg's suppression motion. Mr. Berg's assignment of error is overruled.

---

consent or exigent circumstances."); *Bowe* at syllabus ("In determining whether the arrest of a suspect in a home, without a warrant and in the absence of the 'standard' exigent circumstances, is valid, a court should consider the following factors * * *.").

III.

{¶17} For the reasons set forth above, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.