[Cite as *Wauseon v. Leveck*, 2014-Ohio-3360.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio/City of Wauseon

Court of Appeals No. F-13-020

Appellee

Trial Court No. CRB 1300324

v.

Justin Leveck

**DECISION AND JUDGMENT**

Appellant

Decided: August 1, 2014

* * * * *

Eric K. Nagel, Wauseon City Prosecutor, for appellee.

Jordan J. Grant, for appellant.

* * * * *

**JENSEN, J.**

**{¶ 1}** Appellant, Justin Leveck, appeals his December 11, 2013 conviction of permitting underage consumption. Finding no exigent circumstances warranting a warrantless entry into his residence, we conclude that the trial court erred in denying appellant's motion to suppress. We reverse appellant's conviction.

**{¶ 2}** On July 12, 2013, the city of Wauseon filed a one count complaint against appellant alleging that on or about July 5, 2013, he allowed an underage person to remain in his residence while possessing or consuming beer or intoxicating liquor in violation of R.C. 4301.69(B), a misdemeanor of the first degree. Following a plea of not guilty to the charge, appellant filed a motion to suppress. After a hearing, the trial court denied appellant's motion. Thereafter, appellant entered a plea of no contest. He was convicted and sentenced by the trial court.

**{¶ 3}** Appellant appeals and sets forth a single assignment of error as follows:

The trial court erred in denying Appellant's motion to suppress in violation of Appellant's right to be free from unlawful search and seizure under the Fourth Amendment of the United States Constitution and Article I, Section 14 of the Ohio Constitution.

**{¶ 4}** Appellate review of a ruling on a motion to suppress presents mixed questions of law and fact. *United States v. Martinez*, 949 F.2d 1117, 1119 (11th Cir.1992); *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of the trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992); *State v. Hopfer*, 112 Ohio App.3d 521, 548, 679 N.E.2d 321 (2d Dist.1996). An appellate court must accept a trial court's factual findings if they are supported by competent and credible evidence. *State v. Guysinger*, 86 Ohio App.3d 592, 594, 621 N.E.2d 726 (4th Dist.1993). An appellate

2.

court must review the trial court's application of the law de novo. *State v. Russell*, 127 Ohio App.3d 414, 416, 713 N.E.2d 56 (9th Dist.1998).

{¶ 5} In the instant case, Sergeant Brian Courtney of the Wauseon Police Department testified that while on patrol in the city of Wauseon in the early morning hours of July 5, 2013, he responded to a noise complaint at 1170 North Street. When he arrived at the residence, Sergeant Courtney parked his patrol car, walked up to the front entrance, and stood outside for several minutes. He could not see into the residence. He could, however hear loud music and several different voices—both male and female—coming from the residence.

{¶ 6} After a second officer arrived, Sergeant Courtney knocked on the door several times. Receiving no response, he knocked "a little harder." Someone inside the residence turned down the music. Then, Sergeant Courtney knocked "very loudly" and announced: "police department." Appellant's brother, Mikeal Leveck, opened the door. Sergeant Courtney immediately recognized Mikeal from a previous drug related arrest.

{¶ 7} As the door opened Sergeant Courtney noticed a large number of beer cans on a table. He also "saw a female, a young female running toward where – I've been in these apartment complexes before – what appeared to be a bedroom, bathroom area. I saw a female running to – from my left to the right." He also noticed the appellant standing in the main living area of the apartment. Sergeant Courtney knew both appellant and his brother, Mikeal, were at least 21 years of age.

3.

**{¶ 8}** Thereafter, Sergeant Courtney instructed the young female to come outside. She did not respond to his instructions. During the suppression hearing, Sergeant Courtney was asked whether, at the time of the investigation, he believed a crime had been committed. Sergeant Courtney testified, "I believed that they were hiding because of the party, because of the alcohol. And the age of the female appeared to me to be under the age of 18." The questioning continued:

Q. And in attempting to speak to this girl and to have her leave the room, what were your concerns?

A. That she was hiding evidence, such as more alcohol. I've arrested Mikeal Leveck before for drugs. Believing that maybe she ran off with the drugs.

* * *

Q. Sergeant Courtney, you say that you're afraid she ran off with drugs, correct?

A. She could have, yes.

Q. Why do you say that? What evidence was there to make you believe that there was probable cause or reasonable suspicion that she ran off with drugs?

A. Because of his past experience that I've had with Mikeal Leveck.

Q. And based on your past experience with him, you thought she was running off – you had a reasonable suspicion she was running off with drugs, in your mind?

A. Yes.

{¶ 9} Sergeant Courtney acknowledged that there was no way for the young girl to leave the apartment unless she left through a back window. Sergeant Courtney testified that he believed that the potential "destruction of [drug] evidence" constituted exigent circumstances warranting entrance into the residence.

{¶ 10} The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *State v. Scott M.*, 135 Ohio App.3d 253, 257, 733 N.E.2d 653 (6th Dist.1999). Absent exigent circumstances, the entrance of a home may not be crossed without voluntary consent or a judicially sanctioned warrant. *Id.*; *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

{¶ 11} In *State v. Bowe*, 52 Ohio App.3d 112, 114, 557 N.E.2d 139 (6th Dist.1988), this court identified six circumstances constituting "exigent circumstances" which would allow warrantless entry into a home. Since *Bowe*, we have summarized the circumstances as follows:

(1) the offense involved is a crime of violence; (2) the suspect is reasonably believed to be armed; (3) a clear showing of probable cause to believe that the suspect committed the crime involved; (4) a strong reason to believe that the suspect is in the premises being entered; (5) the likelihood that the

5.

suspect will escape if not swiftly apprehended; and (6) the entry, though not consented, is made peaceably. *Scott M.* at fn. 2, citing *Bowe* at 114. "Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." *State v. Cal*, 6th Dist. Ottawa No. OT-03-025, 2004-Ohio-1329, ¶ 11, quoting *Welsh v. Wisconsin*, 466 U.S. 740, 753, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).

{¶ 12} Here, the state points to the third of the six circumstances and asserts that Sergeant Courtney had probable cause to believe that the crimes of underage consumption of alcohol and drug use had occurred or was occurring.

{¶ 13} In regard to the crime of underage consumption of alcohol, the state asserts that when appellant opened the apartment door, Sergeant Courtney observed a large quantity of alcohol and witnessed what he firmly believed to be a juvenile girl run toward the apartment's back bedroom or bathroom. In *State v. Christian*, 6th Dist. Fulton No. F-04-003, 2004-Ohio-3000, law enforcement officers investigating a noise and underage consumption complaint knocked on the door of an apartment. *Id.* at ¶ 6. A juvenile answered the door. *Id.* When the juvenile realized law enforcement officers were outside, he left the door open and ran upstairs. *Id.* at ¶ 6. Reversing the trial court's denial of a motion to suppress, we held that "[t]he mere fact that a juvenile ran away after seeing the officers does not give rise to probable cause to believe that underage drinking was occurring." *Id.* at ¶ 12.

6.

{¶ 14} Even if Sergeant Courtney's observations from the doorway of the apartment presented probable cause to believe that underage consumption had occurred, the exigent circumstances exception would not apply to support a warrantless search. Furnishing an underage person with alcohol, a violation of R.C. 4301.69(B), is a misdemeanor of the first degree. This court has held that the exigent circumstances exception is not applicable to misdemeanor offenses. *See State v. Miller*, 6th Dist. Wood No. WD-10-027, 2011-Ohio-1545, ¶ 20; *Christian* at ¶ 11; *Scott M.* at 258.

{¶ 15} In regard to allegations of drug use, the state argues that Sergeant Courtney's familiarity with Mikeal Leveck's history of illegal drug activity created an "emergency situation" warranting an exception to the warrant requirement. We disagree. The investigating officer's knowledge of Mikeal's past drug arrest does not support the officer's testimony that he was concerned the "fleeing juvenile" was "hiding evidence" of illegal drug use.

{¶ 16} Without a warrant, without consent, and without a demonstration of a recognized exception to the warrant requirement, the officers were without authority to enter appellant's residence. Therefore, this court concludes that the warrantless entry was unreasonable and in violation of the Fourth Amendment to the United States Constitution. The trial court erred when it failed to suppress all evidence gained from Sergeant Courtney's entry into the apartment. Appellant's sole assignment of error is well-taken.

7.

**{¶ 17}** The judgment of the Western District Court of Fulton County is reversed.

This matter is remanded to the trial court for proceedings consistent with this decision.

Costs of this appeal are assessed to the state in accordance with App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.