The STATE of Ohio, Appellee,

v.

DAVIS et al., Appellants.

[Cite as *State v. Davis* (1999), 133 Ohio App.3d 114.]

Court of Appeals of Ohio,
Sixth District, Wood County.

Nos. WD–98–051, WD–98–055, WD–98–060 and WD–98–062.

Decided Aug. 6, 1999.

*P. Martin Aubry,* Wood County Prosecuting Attorney, for appellee.

*Jeffrey P. Nunnari,* for appellants Nicholas A. Davis, Candice M. Escobar and Jason T. Morris.

*Peter G. Boyer,* for appellant Wade R. Dutridge.

HANDWORK, Presiding Judge.

This is an appeal from a judgment of the Perrysburg Municipal Court. Following the denial of their motions to suppress, appellants, Nicholas A. Davis, Candice M. Escobar, Jason T. Morris, and Wade R. Dutridge, entered pleas of no contest to the charge of underage consumption of an alcoholic beverage in violation of R.C. 4301.632,[1] a misdemeanor of the first degree. For the reasons stated herein, this court reverses the judgment of the trial court.

Appellants set forth the following assignment of error:

"The trial court erred to the prejudice of appellants by denying their respective motions to suppress, as the evidence against them was obtained in violation of their rights as afforded by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Art. I, Section 14 and 10 of the Constitution of the State of Ohio."

The following facts are relevant to this appeal. On June 7, 1998, each appellant was charged with one count of underage consumption of an alcoholic beverage. Each complaint alleged that the respective appellant admitted to consuming a specific amount of beer. The complaints were issued by Perrysburg police officers who responded to a complaint of loud music coming from an apartment at the Perry Lake Village Apartments in Perrysburg, Ohio. The first officer to arrive stated that, as he approached the apartment building, he heard loud music coming from an apartment and saw several people inside the apartment through a sliding glass door. This officer testified that these individuals appeared to be holding beer cans and appeared to be underage. As this police officer was walking up to the second floor apartment, two individuals started walking down toward him. The police officer stopped them and talked with them. He returned them to the apartment and asked them to ask the tenant to come out. First one and then the second tenant came out. After determining that they were underage and eliciting admissions that they had consumed alcohol, the first officer ultimately arrested the two tenants of the apartment for underage consumption. After the two tenants were arrested and secured in a police vehicle, the first police officer entered the apartment; later two other officers also entered the apartment. After questioning each individual present as to

---

1. R.C. 4301.632 provides:

"Except as otherwise provided in this chapter, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place."

name, address, social security number, date of birth, and alcohol consumption, the officers charged appellants as well as others with underage consumption.

Appellants filed motions to suppress any statements each may have made to the police officers when appellants were charged with underage consumption. Appellants challenged the validity of the search of the residence and also argued that they were subjected to a custodial interrogation and had not been advised of their rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The trial court denied their motions to suppress. Appellants entered no contest pleas, were convicted and sentenced. This timely consolidated appeal was filed.

█ In their assignment of error, appellants argue that the trial court erred in denying their motions to suppress as the evidence against them was obtained in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Sections 14 and 10, Article I of the Ohio Constitution. This court finds merit in this assignment of error.

█ Appellate review of a denial of a motion to suppress presents a mixed question of law and fact. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Smith* (1997), 80 Ohio St.3d 89, 105, 684 N.E.2d 668, 685. Accordingly, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Rhude* (1993), 91 Ohio App.3d 623, 626, 632 N.E.2d 1391, 1392–1393; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726, 726–727. Accepting those facts as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141, 1142–1143; *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143–1144.

█ Freedom from indiscriminate searches and seizures is protected by the Fourth Amendment to the United States Constitution, which guarantees "[t]he right of the people to be secure in their * * * houses * * * against unreasonable searches and seizures * * *."[2] The amendment further provides that "no Warrants shall issue, but upon probable cause * * *." Invasion of the sanctity of the home has thus been recognized as "the chief evil against which the wording of

---

2. Although the expectation of privacy in the home of another is a possible issue to be addressed, at the hearing on the motion to suppress, the prosecutor stipulated to standing and overnight guest status. The United States Supreme Court held in *Minnesota v. Olson* (1990), 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85, that the status as an overnight guest is sufficient to show a person's expectation of privacy that society is prepared to recognize as reasonable.

**118**

the Fourth Amendment is directed." *United States v. United States Dist. Court* (1972), 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752, 764. Warrantless searches of residences are considered *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (Footnotes omitted.) *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585; see, also, *Mincey v. Arizona* (1978), 437 U.S. 385, 390, 98 S.Ct. 2408, 2412, 57 L.Ed.2d 290, 298–299. Consistent with this notion, judicial interpretation of the amendment has established that a presumption of unreasonableness attaches to all warrantless home entries. *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639; *Welsh v. Wisconsin* (1984), 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732. To overcome the presumption, the burden is placed upon the government to demonstrate that the search falls within one of the exceptions to the warrant requirement. *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 376–377, 373 N.E.2d 1252, 1255–1256.

The four exceptions to the warrant requirement justifying a warrantless search of a home are (1) an emergency situation, (2) search incident to an arrest, (3) "hot pursuit," and (4) easily destroyed or removed evidence. *State v. Cheers* (1992), 79 Ohio App.3d 322, 325, 607 N.E.2d 115, 117. In the case *sub judice,* the trial court found that exigent circumstances existed in that evidence of the offenses would be disposed of if the officers took the time to obtain a search warrant.

The issue of what constitutes exigent circumstances was addressed by the United States Supreme Court in *Welsh v. Wisconsin* (1984), 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L.Ed.2d 732, 743, when it stated:

" * * * Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. [Citation omitted.]

"When the government's interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate. [Footnote omitted.]"

In its footnote 12, the Supreme Court stated:

"Even the dissenters in *Payton,* although believing that warrantless home arrests are not prohibited by the Fourth Amendment, recognized the importance of the felony limitation on such arrests. See *id.,* at 616–617 [100 S.Ct. at 1395–1396, 63 L.Ed.2d at 669–670] (WHITE, J., joined by BURGER, C.J., and Rehnquist, J., dissenting)('The felony requirement guards against abusive or

arbitary enforcement and ensures that invasions of the home occur only in case of the most serious crimes')." *Id.*

In *State v. Bowe* (1988), 52 Ohio App.3d 112, 114, 557 N.E.2d 139, 141, the appellate court identified the six factors constituting exigent circumstances mandating a warrantless entry of a home as established by federal courts:

"(1) the offense involved is a crime of violence;

"(2) the suspect is reasonably believed to be armed;

"(3) a clear showing of probable cause to believe that the suspect committed the crime involved;

"(4) a strong reason to believe that the suspect is in the premises being entered;

"(5) the likelihood that the suspect will escape if not swiftly apprehended; and

"(6) the entry, though not consented, is made peaceably."

In *Bowe,* the defendants were charged with aggravated burglary.

The appellate court, citing an Illinois case in which burglary without a weapon was not a grave enough offense to permit a warrantless home search or arrest, reviewed the six factors and found that there were no exigent circumstances. *Id.* The *Bowe* court concluded that when the offense was not violent, the subject not armed and escape not likely, there were no exigent circumstances justifying the warrantless entry. *Id.*

In the case *sub judice,* the first two factors were not present: no violence was involved nor were the individuals armed. Additionally, the fifth factor, the likelihood that anyone would escape; is not present. In this case, the police could have secured the only door exit from the apartment. This court finds unpersuasive the state's argument that the police could not have secured the apartment while obtaining a search warrant. One police officer testified that it would take two police officers to secure the apartment and another police officer to obtain the warrant and that Perrysburg had only three officers[3] on duty that night. This police officer also testified that he was concerned that he would be depleting the number of officers patrolling the city of Perrysburg if two officers secured the apartment and another officer sought a warrant. However, the citizens of this country and this state are entitled to the protection afforded by their constitutional rights at *all* times, not just when it is convenient or when the duty rosters of police departments are sufficient. Furthermore, a warrantless entry of a home

---

3. A fourth officer was in training with his training officer and together they are considered one unit.

by police officers cannot be justified by exigent circumstances of their own making. *State v. Jenkins* (1995), 104 Ohio App.3d 265, 272, 661 N.E.2d 806, 810.

The state also argues that the time required to obtain a search warrant would have allowed destruction or dissipation of evidence. In regard to the destruction of evidence, however, one officer admitted that beer cans and bottles are hard to destroy beyond the point of recognition. Both officers testified that they did not hear beer bottles being broken or beer cans being crushed while they were outside the apartment. Additionally, in regard to the state's argument concerning dissipation of evidence, the crime with which appellants were charged, R.C. 4301.632, does not require that the state prove that appellants have a certain alcohol level to be convicted. See *State v. Roop* (June 4, 1993), Auglaize App. No. 2–93–1, unreported, 1993 WL 195081. In *Roop*, the appellate court found that no exigent circumstances existed in regard to a breath test although the appellate court did find sufficient other evidence to support the trial court's finding of guilt. In *Roop*, the defendant was charged under R.C. 4301.69(E), another underage consumption statute. The *Roop* court stated:

" * * *Appellant was not arrested for driving under the influence, where the passage of time would be directly related to the destruction of evidence.

"R.C. 4301.69(E) does not require that the state prove that appellant have a certain alcohol content to be convicted. Therefore, no exigent circumstances were present and the breath test should have been suppressed. * * *."

This court need not discuss the remaining factors listed in *Bowe*, for, as in *Bowe*, we conclude that there were no exigent circumstances justifying the warrantless entry of the apartment.

This court finds the view expressed by the court in *State v. Huff* (June 10, 1999), Highland App. No. 98CA23, unreported, 1999 WL 402222, apropos:

"We are equally unpersuaded by the State's arguments that the evidence was 'easily destructible.' A warrantless entry into a residence may be justified in some circumstances in which evidence is in danger of being removed or destroyed in the amount of time it would take police to obtain a warrant. * * * However, we cannot conclude that this was the case here. The evidence which first prompted the officers to believe that a crime was being committed was the sight of underage individuals drinking from beer cans. * * * It goes without saying that an aluminum beer can is not going to be as easily disposed of as would a controlled substance or something of that nature and, even if it could, that disposal would not alter the fact the officers had seen them and could testify to their existence. Moreover, the State also relied on appellant's performance on the HGN and the breath test to prove that she had been drinking alcohol. It would have been nearly impossible for appellant to have disposed of the alcohol content in her body or the other available evidence prior to a warrant being

obtained. We therefore conclude that exigent circumstances did not exist which could have justified a warrantless intrusion.

"The State's final argument is that exigent circumstances existed because the officer's [*sic* ] witnessed a crime (underage drinking) being committed. Again, we are not persuaded. The United States Supreme Court in *Welsh,* 466 U.S. at 752 [104 S.Ct. at 2098–2099, 80 L.Ed.2d at 744–745], indicated that the gravity of the underlying offence is an important factor to be considered in deciding if an exigency exists. However, the Court refused to apply the exigent circumstances exception to the warrant requirement where the police entered a suspect's home to arrest him for a non-criminal traffic offense. 466 U.S. at 753 [104 S.Ct. at 2099–2100, 80 L.Ed.2d at 745]. That holding has been interpreted as limiting exigent circumstances to serious crimes not including misdemeanors. * * * We agree and have, ourselves, previously indicated that observation of underage drinking by law enforcement officers does not give rise to exigent circumstances sufficient to contravene the warrant requirement of the Fourth Amendment. See *State v. Nealon* (Jan. 11, 1999), Athens App. No. 98CA22, unreported [1999 WL 22598]. The State's reliance on this factor as justification for entering the premises in this case is therefore misplaced."

This court does not deny that underage drinking is a serious community concern. However, protection of the constitutional rights afforded this state's citizens, including those citizens under the age of twenty-one, is of even greater concern to this court.

Under these facts, no exigent circumstances existed. Having concluded that there were no exigent circumstances, consent to enter must be found or the warrantless entry fails to be reasonable. There is no competent and credible evidence that either tenant gave consent to the officers to enter the apartment. Furthermore, one tenant testified that he asked that keys be obtained to lock the apartment door. Thus, this court finds that no consent to enter was given. Having found neither exigent circumstances nor consent, this court concludes that the warrantless entry was unreasonable and in violation of the Fourth Amendment to the United States Constitution. Having so concluded, we need not reach appellants' other arguments.

Accordingly, appellants' assignment of error is found well taken to the extent that the warrantless entry violated their constitutional rights.

On consideration whereof, the judgment of the Perrysburg Municipal Court is reversed. It is ordered that appellee pay court costs for this appeal.

*Judgment reversed.*

SHERCK and KNEPPER, JJ., concur.