DECISION AND JUDGMENT ENTRY
This matter is before the court following the judgment of the Fulton County Court, Eastern District, which found appellant, Erin M. Farnsel, guilty of underage consumption of alcohol in violation of R.C. 4301.632. Appellant raises the following assignment of error:
 "FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS AS THE EVIDENCE AGAINST HER WAS OBTAINED IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
The relevant facts presented at the March 23, 2000 suppression hearing are as follows. On October 30, 1999, at approximately 1:28 a.m., the Fulton County Sheriff's Office received a 9-1-1 hangup call. The dispatcher was able to trace the call as coming from the "Davis Farnsel" residence. He called the residence and eventually spoke with a female who identified herself as "Karen". Karen indicated that she was at appellant's grandmother's house. The dispatcher was aware that the owner was out of state for the winter. The home was included on a list of residents who requested that their homes be watched in their absence. The list includes date of departure, date of return and emergency contacts. The dispatcher, who knew the family, contacted two relatives, including appellant's mother, who indicated that no one was to be in the house. The dispatcher then sent two deputies to the house.
Fulton County Sheriff's Deputy Mark Peabody testified that when Deputy Nofzinger and he arrived at the house, the lights were on and the doors on the east side of the house were open. There were no vehicles in the driveway, and Peabody testified that they were unable to ascertain whether or not anyone was inside the residence. Prior to entering, the deputies identified themselves and received no response. In the home Peabody observed beer bottles and other alcoholic beverage containers. He testified that they found appellant lying on a bed and could detect an odor of alcohol on her breath. Peabody testified that they entered the residence due to the 9-1-1 hangup, the fact that the doors were open on a cold October night, and that the residence was on their house check list.
Deputy Sheriff Max Nofzinger testified that he found appellant asleep in a bedroom. He placed handcuffs on her and then woke her. Nofzinger testified that appellant identified herself as the homeowner's granddaughter and that she had permission to be in the home. As to the 9-1-1 call, appellant indicated that she has epilepsy and may have had a seizure.
Nofzinger testified that the deputies took appellant to the Fulton County Sheriff's Department where a breathalyser test was performed. Upon conclusion of the breathalyser test appellant was cited for underage consumption of alcohol.
Appellant testified that she had permission to be in the home and that she had her own key. Appellant testified that she did not have a seizure on the evening in question and that the 9-1-1 call was made accidentally. She stated that her friends left soon after the call was made because they knew that the police would come and they were underage and had been drinking. Appellant admitted that she too had been drinking. She testified that she turned off the lights, closed the doors and went to bed.
At the close of the evidence, the trial court denied the motion to suppress finding that under the totality of the circumstances, the deputies had reasonable cause to enter the home for further investigation. After entering a no contest plea, appellant was found guilty and this appeal followed.
Appellant, in her sole assignment of error, contends that the trial court erred by denying appellant's motion to suppress.
When considering a motion to suppress, a trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. An appellate court must independently determine, without deference to the trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v.Klein (1991), 73 Ohio App.3d 486, 488.
The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals from unreasonable searches and seizures. Without a warrant, searches and seizures are unreasonable per se. State v. Kessler (1978), 53 Ohio St.2d 204, 207. There are but a few specifically enumerated exceptions to this basic rule. To survive a motion to suppress, the state bears the burden of proving that one of these exceptions applies to the evidence derived from a warrantless search or seizure. Id.; State v. Smith 73 Ohio App.3d 471.
Aside from consent of the owner, there are four exceptions to the warrant requirement which justify a warrantless search of a home. There exceptions include: (1) an emergency situation; (2) search incident to an arrest; (3) "hot pursuit;" and (4) easily destroyed or removed evidence.State v. Davis (1999), 133 Ohio App.3d 114, 118, citing State v. Cheers
(1992), 79 Ohio App.3d 322, 325.
Appellant argues that, at the hearing, no evidence was presented that an emergency situation existed which would justify the deputies' warrantless entrance. In support, appellant cites two cases from this court: Davis, supra and State v. Scott M. (1999), 135 Ohio App.3d 253. Each case involved the warrantless search of a house, following loud noise complaints, which unveiled underage consumption of alcohol. In each case, this court found the search to be unlawful because the "observation of underage drinking * * * does not give rise to exigent circumstances sufficient to contravene the warrant requirement of theFourth Amendment." Davis at 121. Davis and Scott M. are distinguishable from the facts of the instant case.
In the instant case, the deputies did not enter the Farnsel residence to uncover evidence of a crime or effectuate an arrest. The deputies had multiple reasons for entering the home. A 9-1-1 call had been placed from the residence which, according to family members, was supposed to be vacant. The Fulton County Sheriff's Office was also asked by the owner to periodically check the residence to make certain it was secure. When the deputies arrived at the home and found the lights on and the door open, they entered after announcing themselves and receiving no response.
Upon careful review of the facts of this case, we find that an emergency situation existed at the time the officers entered the home, and said emergency created an exception to the warrant requirement. Accordingly, the trial court did not err when it denied appellant's motion to suppress. Appellant's assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Fulton County Court, Eastern District, is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., George M. Glasser,J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.