DECISION AND JUDGMENT ENTRY
This case is before us on appeal from the Norwalk Municipal Court, which denied in part a motion to suppress filed by appellant Sean D. Nickelson. For the reasons that follow, we affirm in part, reverse in part, and remand.
Shortly after midnight on September 10, 2000, Norwalk Police Officer James L. Montana observed a 1991 Lincoln automobile, with its motor running, parked in front of the Maple Tree Lounge, blocking the entrance into the parking lot. The driver of the Lincoln was later identified as appellant. Officer Montana also observed that another car was waiting to enter the parking lot, but because appellant was stopped in front of the entrance to the lounge, the second car could not enter the lot and was blocking the sidewalk. Officer Montana turned his vehicle around and noticed that the car waiting to enter the lot had backed up and was driving away. Officer Montana then pulled in behind appellant's car. Shortly thereafter, another car pulled behind Officer Montana, also waiting to enter the lot. Officer Montana shined a spotlight on appellant's car. Appellant's car then began "creeping forward," apparently at the same time that Officer Montana exited his police car and began to approach appellant's car on foot. When he saw the car slowly moving forward, Officer Montana went back into his car, activated his emergency lights, and stopped appellant in the parking lot.
In speaking with appellant, Officer Montana noticed indicia of intoxication (e.g., glassy eyes, slurred speech, and poor balance), and he asked appellant to perform various field sobriety tests. After determining that appellant did not successfully complete the tests, Officer Montana and two other officers, who had by this time arrived on the scene, placed appellant under arrest. According to Officer Montana, appellant resisted arrest. Appellant refused to take a breathalyzer test, and he was charged with Driving While Under the Influence of Alcohol ("DUI") in violation of R.C. 4511.19.
After pleading not guilty, appellant moved to suppress the evidence against him on the grounds that his stop and arrest were unconstitutional. After a hearing on November 1, 2000, the trial court granted the motion to suppress as to the walk-and-turn field sobriety test (since Officer Montana did not demonstrate that test for appellant); appellant's motion to suppress was denied in all other respects. Appellant subsequently changed his plea to no contest, and the court found him guilty of DUI. The court then sentenced appellant to thirty days in jail, fined him $1,000, and ordered that his license be suspended for a period of one year from the date of the incident. Appellant now appeals, setting forth the following three assignments of error:
"FIRST ASSIGNMENT OF ERROR
 'The Trial Court erred by failing to suppress all evidence obtained by the Norwalk Police Department when the manifest weight of the evidence showed a lack of probable cause of the initial stop of appellant's vehicle.'
"SECOND ASSIGNMENT OF ERROR
 'The Trial Court erred by failing to suppress all evidence obtained by the Norwalk Police Department when the manifest weight of the evidence showed there was a lack of probable cause to arrest the appellant for violating Ohio Revised Code 4511.19(A)(1).'
"THIRD ASSIGNMENT OF ERROR
 'The Trial Court erred by failing to suppress all field sobriety tests as said tests were not properly administered.'"
Appellate review of a decision on a motion to suppress presents a mixed question of law and fact. State v. Davis (1999), 133 Ohio App.3d 114,117. Since a trial court deciding the motion to suppress acts as a fact-finder, an appellate court must accept the trial court's findings of fact as true if supported by competent, credible evidence. State v. Kobi
(1997), 122 Ohio App.3d 160, 167-168. However, an appellate court reviewsde novo the trial court's application of the law to the facts. Id.
Appellant contends in his first assignment of error that the trial court erred in not suppressing all evidence against him because the investigatory stop of appellant's vehicle was unconstitutional. TheFourth Amendment to the United States Constitution prohibits unlawful seizures of individuals. However, a police officer may constitutionally effect an investigatory stop of an individual when the officer has reasonable and articulable suspicion that the individual is engaging in criminal behavior. State v. Andrews (1991), 57 Ohio St.3d 86, 87, certiorari denied (1991), 501 U.S. 1220; Terry v. Ohio (1968), 392 U.S. 1,21. The United States Supreme Court in Terry noted that any standard requiring less would "invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches * * *." Id. at 22.
In this case, Officer Montana testified that he believed at the time of the stop that appellant was violating certain Norwalk municipal ordinances. One of those ordinances is Section 333.04, which states,
 "(a) No person shall stop or operate a vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law.
 "(b) Whenever, in accordance with Ohio R.C. 4511.22(B), the minimum speed limit of a controlled-access highway, expressway or freeway has been declared and the appropriate signs giving notice have been erected as required, operators of motor vehicles shall be governed by the speed limitations set forth on such signs. No persons shall operate a motor vehicle below the speed limits posted upon such signs except when necessary for safe operation or in compliance with law. (ORC 4511.22)"
Officer Montana also believed that appellant was violating Section509.03 of the Norwalk Municipal Code, which provides, in pertinent part:
 "(a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:
"* * *.
 "(4) Hindering or preventing the movement of persons on a public street, road, highway or right of way, or to, from, within or upon public or private property, so as to interfere with the rights of others, and by any act which serves no lawful and reasonable purpose of the offender.
"* * *."
By its context, Section 333.04 appears to apply to vehicles on public streets. In fact, Section 333.04 refers to R.C. 4511.22, which does, indeed, apply only to public roads. See R.C. 4511.22; R.C. 4511.01 (TT) (definition of "traffic"); R.C. 4511.01 (BB) (definition of "street" or "highway"). Therefore, we do not believe that Officer Montana could have relied upon this section as a reason to stop appellant.
Section 509.03 of the Norwalk Municipal Code, on its face, applies to hindering the movement of others on private property, and on its face it appears to apply to this sort of situation. Of course, one could argue about whether appellant "recklessly" hindered the movement of others or did so for no "lawful or reasonable purpose." However, to effect an investigatory stop, an officer need only have a reasonable and articulable suspicion that the offender is engaged in criminal activity. See Terry, 392 U.S. at 21; United States v. Cortez (1981), 449 U.S. 411,418 ("The process [of developing reasonable and articulable suspicion] does not deal with hard certainties, but with probabilities"); Andrews,57 Ohio St.3d at 88-89. Since Officer Montana had a reasonable and articulable suspicion that appellant was violating Norwalk Municipal Code Section 509.03, Officer Montana's investigatory stop of appellant was constitutional. Therefore, appellant's first assignment of error is not well-taken.
We turn next to appellant's third assignment of error in which he contends that the trial court should have suppressed the results of the field sobriety tests. According to appellant, the results should have been suppressed because Officer Montana did not perform the tests in a "standardized manner" and in conformity with the National Highway Traffic Safety Administration manual. He cited several instances where he believes the tests were conducted improperly. After conducting a hearing on appellant's motion to suppress, the trial court granted the motion as to the walk-and-turn test and denied it in all other respects. Our review of this assignment of error is based on the transcript of the hearing below.
Important to our review of this assignment of error is the allocation of burdens at a hearing on a motion to suppress. The Supreme Court of Ohio has held that when evidence is obtained pursuant to a warrantless search or seizure, the defendant must initially: (1) demonstrate that the search or seizure was warrantless; and (2) state the grounds on which he challenges the search or seizure with enough particularity to put the state on notice of the basis for his challenge. See City of Xenia v.Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus.[1]
Once a defendant has made this initial showing, the burden of proof (including the burden of going forward with evidence) rests with the prosecutor to show the validity of the search or seizure. Id. at paragraph two of the syllabus. The Supreme Court reasoned that the ultimate burden should be on the state because warrantless searches and seizures are perse unreasonable. Id. at 220.
In this case, appellant's motion to suppress was specific enough to give appellee notice of the basis for challenging the seizure: appellant cited in his memorandum the constitutional provisions he believed were violated, and he cited the National Highway Safety Administration Manual, which he also believed was violated. Appellant provided case citations as well. In short, appellant's motion and memorandum were enough to shift the burden to appellee to demonstrate that, in this instance, the field sobriety tests were conducted properly.[2]
Appellee did not carry this burden at the hearing. While appellee introduced testimony of officers as to which tests were conducted and how they were conducted, it did not introduce any evidence to prove that the tests were conducted in a standardized manner as provided by the National Highway Traffic Safety Administration. No witness testified as to these guidelines, and the manual itself was not admitted. Because appellee did not prove that the field sobriety tests were conducted in accordance with the manual, the results of the field sobriety tests should have been suppressed. See State v. Homan (2000), 89 Ohio St.3d 421, paragraph one of the syllabus, reconsideration denied (2000), 90 Ohio St.3d 1431 (field sobriety tests not conducted in "strict compliance with standardized testing procedures" cannot provide evidence of probable cause to arrest). Accordingly, appellant's third assignment of error is well-taken.
In his second assignment of error, appellant contends that the evidence against him should have been suppressed because the officers did not have probable cause to arrest him. Because we believe that the results of the field sobriety tests should have been suppressed, we must decide whether the officer had probable cause to arrest appellant absent the tests. SeeState v. Homan, 89 Ohio St.3d at 427. Here, Officer Montana noticed that appellant's eyes were glassy, that his speech was slow and slurred, that his balance was poor, that he was argumentative, and that he had an odor of alcoholic beverage on his breath. Though alternative explanations may exist for any one of these indicia separately, we believe that the totality of the circumstances supports a finding of probable cause to arrest appellant for DUI. See State v. Spencer (Aug. 28, 1987), Geauga App. No. 1343, unreported (probable cause to arrest where defendant was unsteady on his feet, had glassy, bloodshot eyes, had slurred speech, smelled of alcohol, and showed a lack of coordination when looking for his license); Uprichard v. State of Ohio, Bureau of Motor Vehicles (May 7, 1974), Franklin App. No. 73AP-459, unreported (signs of intoxication include poor balance, bloodshot eyes, slurred speech, and odor of alcoholic beverage). Appellant's second assignment of error is therefore found not well-taken.
On consideration whereof, we find that appellant was prevented from having a fair trial, and the decision of the Norwalk Municipal Court is reversed as to appellant's third assignment of error and affirmed in all other respects. This case is remanded to the Norwalk Municipal Court to determine whether enough evidence exists absent the field sobriety tests to find appellant guilty of driving under the influence of alcohol in violation of R.C. 4511.19. Appellee is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________________ Mark L. Pietrykowski, P.J.
Richard W. Knepper, J. CONCUR.
James R. Sherck, J., dissents.
[1] The defendant's motion must also comply with Crim.R. 47, which provides, in pertinent part:
 "An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
"* * *."
[2] The parties agree, and the evidence at the hearing bore out, that the seizure in this case was warrantless.