DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas that found appellant guilty of four counts of aggravated murder, two counts of murder, one count of attempted aggravated arson, one count of aggravated burglary and one count of tampering with evidence. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "1. The three-judge panel erred to the detriment of Appellant by improperly balancing aggravating circumstances against mitigating factors, by weighing the nature and circumstances of the offense on the side of aggravation and against mitigation.
 {¶ 4} "2. The three-judge panel erred to the detriment of Appellant by improperly allowing DNA evidence from Ms. Violi to be heard without proper foundation.
 {¶ 5} "3. The three-judge panel erred to the detriment of Appellant by improperly overruling Appellant's Motion to Suppress."
 {¶ 6} The undisputed facts relevant to the issues raised on appeal are as follows. On July 14, 2004, appellant was charged in a nine-count indictment with the July 3, 2003 murders of Claudia Fonseca and Leslie Sloan. He was indicted on two counts of aggravated murder pursuant to R.C. 2903.01(A) and two counts of aggravated murder pursuant to R.C.2903.01(B). The aggravated murder charges each contained several death penalty specifications pursuant to R.C. 2929.04(A)(1)-(5).
 {¶ 7} Appellant also was indicted on one count of murder pursuant to R.C. 2903.02(A) as to each victim; one count of attempted aggravated arson pursuant to R.C. 2909.02(A)(2) and R.C. 2923.02; aggravated burglary pursuant to R.C. 2911.11(A)(1) and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). *Page 3 
 {¶ 8} Appellant waived his right to a jury trial and agreed to be tried before a three-judge panel. Prior to trial, appellant filed a motion to suppress statements made to the police on the day of his arrest. On August 1, 2005, the panel denied the motion.
 {¶ 9} Trial began on February 27, 2006, and continued for four days. On March 3, 2006, the panel of judges found appellant guilty of all counts. A mitigation hearing was held on June 26, 2006, and on June 27, 2006, sentence was imposed. For purposes of sentencing, the court merged Counts 1 and 3, where the victim was Claudia Fonseca. The court also merged for sentencing purposes Counts 2 and 4, where the victim was Leslie Sloan. Appellant was sentenced to life in prison without the possibility of parole as to Counts 1 and 2 of the indictment. Counts 5 and 6, murder, were dismissed at sentencing. Appellant was sentenced to ten years for the aggravated burglary conviction and five years on each of the attempted aggravated arson and tampering with evidence convictions. Those three convictions were ordered to be served consecutively to each other and consecutively to the life sentences.
 {¶ 10} In his first assignment of error, appellant asserts that the trial court improperly considered the nature and circumstances of the offense on the side of aggravation and against mitigation. Appellant argues that if the trial court had properly considered the nature and circumstances of the offense as an element of mitigation, it would have imposed one of the lesser statutorily permissible sentences. There is no basis for this assumption. *Page 4 
 {¶ 11} The three-judge panel in this case declined to impose the death penalty, despite multiple specifications in the indictment which made appellant eligible for a sentence of death if convicted. The panel also chose not to impose a sentence that included the possibility of parole. Instead, the panel of judges found that "the combined mitigating factors, as proven by a preponderance of the evidence, outweigh the aggravated circumstances" and imposed a sentence of life without parole. Based on that statement, appellant illogically argues that the panel should have imposed a sentence that included the possibility of parole.
 {¶ 12} This court finds no error in the trial court's sentencing decision. Ohio law is clear that the nature and circumstances of an offense should be weighed on the side of mitigation, not on the side of aggravating circumstances. State v. Wogenstahl (1996),75 Ohio St.3d 344, paragraph one of the syllabus. Upon review, we find no evidence in the judgment entry regarding mitigation that the three-judge panel went astray as it considered the nature and circumstances of the murders. A panel of three judges has the discretion to impose a sentence within the statutory guidelines for aggravated murder as provided by R.C.2929.03(C)(3). The sentence in this case clearly falls within those guidelines. Based on the foregoing, we find that the trial court properly weighed the aggravating factors as well as the specific mitigating factors as set forth in R.C. 2929.03(B) and that appellant's sentence was not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken. *Page 5 
 {¶ 13} In his second assignment of error, appellant asserts that the trial court improperly allowed DNA evidence to be heard without a proper foundation. At trial, appellant objected to the state's use of expert testimony comparing appellant's DNA to that of an unidentified database. Appellant asserted at trial that the testimony was not reliable.
 {¶ 14} In State v. Foust, 105 Ohio St.3d 137, 152, the Supreme Court of Ohio held that "DNA evidence expressed in terms of population frequency is admissible if it is relevant. Questions regarding thereliability of DNA evidence in a given case, including DNA statistics onpopulation frequency, go to the weight of the evidence rather than itsadmissibility." [Emphasis added.] After hearing arguments as to this issue, the trial court overruled the objection based on Foust and stated that the panel would accord such weight to the testimony as it deemed appropriate.
 {¶ 15} Based on the foregoing, we find that the trial court properly admitted the DNA testimony and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 16} In his third assignment of error, appellant asserts the trial court erred by denying his motion to suppress all statements he made during a custodial interrogation on July 5, 2004. At the beginning of the interview, appellant was read his Miranda rights. It is not disputed that he signed a waiver of those rights. Appellant now argues that theMiranda warning read to him at the beginning of the interview should have been read to him again when, after three and one-half hours, the interrogation became custodial and he *Page 6 
was told he was not free to leave. Appellant made statements that were clearly incriminating during the interrogation.
 {¶ 17} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Smith (1997), 80 Ohio St.3d 89, 105, 1997-Ohio-355; State v.Fanning (1982), 1 Ohio St.3d 19, 20. This court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Davis (1999), 133 Ohio App.3d 114. Applying those facts, we must then independently determine as a matter of law whether the facts meet the appropriate legal standard. State v.Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 18} It is well established that a suspect who receives adequateMiranda warnings prior to a custodial interrogation need not be warned again before each subsequent interrogation. State v. Treesh,90 Ohio St.3d 460, 470, 2001-Ohio-4, citing Wyrick v. Fields (1982),459 U.S. 42, 48-49, and State v. Barnes (1986), 25 Ohio St.3d 203, 208. That is, "police are not required to readminister the Miranda warnings when a relatively short period of time has elapsed since the initial warnings." Id. citing State v. Mack (1995), 73 Ohio St.3d 502, 513-514,1995-Ohio-273. In determining whether initial warnings remain effective for subsequent interrogations, courts look to the totality of the circumstances test set forth in State v. Roberts (1987),32 Ohio St.3d 225, 232. The test adopted by the court in Roberts sets forth the following factors to be considered when reviewing the adequacy of pre-custodial Miranda warnings: 1) the length of time *Page 7 
between the giving of the first warning and subsequent interrogation; 2) whether the warnings and the subsequent interrogation were given in the same or different places; 3) whether the warnings were given and the subsequent interrogation were conducted by the same or different officers; 4) the extent to which the subsequent statement differed from any previous statements, and 5) the apparent intellectual and emotional state of the suspect.
 {¶ 19} Applying these standards to the case before us, we see from the record that a detective read appellant his Miranda rights within a few minutes of arriving at the Ottawa County Sheriffs Office. The entire interview lasted approximately five hours without significant interruption and took place in the same room in which theMiranda warning was given. The interview was conducted by the same two detectives from start to finish. Statements appellant made before the interview became custodial — after approximately three hours — did not differ significantly from statements he made after that point. Finally, there is no indication in the record that appellant's intellectual or emotional state during the interrogation rendered him incapable of understanding the significance of the rights he had waived earlier.
 {¶ 20} Thus, we find that the Miranda warning given appellant at the beginning of the interview satisfies the totality-of-circumstances test set forth in Roberts. Accordingly, the trial court did not err by denying appellant's motion to suppress his statements and appellant's third assignment of error is not well-taken. *Page 8 
 {¶ 21} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1