DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following defendant-appellant John Banford's conviction, after a jury trial, and sentence for aggravated robbery with a firearm specification. For the reasons set forth herein, we affirm, in part, and reverse, in part, the trial court's judgment.
 {¶ 2} On April 22, 2005, appellant, and two co-defendants, were indicted on one count of aggravated robbery, in violation of R.C.2911.01(A)(1), with a firearm *Page 2 
specification, R.C. 2941.145. The charges stemmed from the April 14, 2005 armed robbery of a drugstore located in Toledo, Lucas County, Ohio. Appellant entered a not guilty plea.
 {¶ 3} On June 3, 2005, appellant filed a motion to suppress the statement he gave to the Toledo Police Department. Appellant argued that his statement was not voluntary because at the time of the arrest and police interview he was under the influence of alcohol and drugs. A hearing was held on the motion and it was denied just prior to the commencement of the July 11, 2005 jury trial. The trial ended in a mistrial.
 {¶ 4} On October 3, 2005, the second jury trial commenced; following jury deliberations, appellant was found guilty of the aggravated robbery charge and the gun specification. On October 6, 2005, appellant was sentenced to a maximum sentence of ten years in prison; appellant was sentenced to a mandatory, consecutive three years of imprisonment for the gun specification. This appeal followed.
 {¶ 5} Appellant now raises the following assignments of error:
 {¶ 6} "Assignment of Error Number One:
 {¶ 7} "The trial court erred in denying appellant's motion to suppress his statement."
 {¶ 8} "Assignment of Error Number Two:
 {¶ 9} "The sentence imposed by the trial court was excessive and contrary to law when the sentence exceeded the minimum term of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme." *Page 3 
 {¶ 10} In his first assignment of error, appellant contends that the statement he made during the April 14, 2005 police interview should have been suppressed because he was under the influence of narcotics and was unable knowingly and voluntarily waive his Miranda rights. Conversely, the state argues that the totality of the circumstances demonstrates that appellant understood his rights.
 {¶ 11} Appellate review of a decision on a motion to suppress presents a mixed question of law and fact. State v. Davis (1999),133 Ohio App.3d 114, 117. Since a trial court deciding the motion to suppress acts as a fact-finder, an appellate court must accept the trial court's findings of fact as true if supported by competent, credible evidence. State v.Kobi (1997), 122 Ohio App.3d 160, 167-168. However, an appellate court reviews de novo the trial court's application of the law to the facts. Id. Further, where "a defendant claims that his will was overborne by drugs, the government has the burden of proving by a preponderance of the evidence that the statement was voluntary." State v. Williams, 8th Dist. No. 82094, 2003-Ohio-4811, citing Lego v. Twomey (1972),404 U.S. 477, 483-484, 92 S.Ct. 619, 30 L.Ed. 618.
 {¶ 12} Upon review of the record herein, we find that the trial court's judgment entry denying appellant's motion to suppress is devoid of factual findings and the court's July 11, 2005 oral judgment on the record was not transcribed for appellate purposes. However, even based upon on our independent review of the suppression hearing, we must conclude that appellant's statement was knowing and voluntary. *Page 4 
 {¶ 13} During the videotaped police interview and through Detective William Gast's testimony at the suppression hearing there was evidence presented that on the day of the robbery appellant had injected himself with morphine at approximately 5:30 to 6:00 a.m.; the interview was conducted at approximately 12:00 p.m. Detective Gast testified that he reviewed the Miranda waiver form with appellant; appellant indicated that he understood each of the six sections. Detective Gast stated that appellant appeared to understand what Gast was saying and that "for the most part" he understood appellant. Detective Gast explained that appellant was a little "jumpy" and would occasionally change topics. Gast explained, however, that this is not uncommon during a police interview.
 {¶ 14} During the suppression hearing the videotape of the interview was played. Appellant was able to recite his name, age, and address. Appellant was able to answer Detective Gast's questions although he clearly did not wish to implicate others in the robbery. Appellant frequently scratched his arms; however, as Gast indicated appellant may have been nervous. Even if the arm scratching and the "jumpiness" was caused by "coming down" from a morphine high, there was no indication that the morphine affected appellant's ability to understand his rights and his decision to waive them. Accordingly, we find that the trial court did not err when it denied appellant's motion to suppress and appellant's first assignment of error is not well-taken.
 {¶ 15} In his second assignment of error, appellant asserts that the trial court erroneously relied on an unconstitutional statutory sentencing scheme when sentencing *Page 5 
appellant to a maximum term of imprisonment. The state concedes that appellant must be resentenced.
 {¶ 16} In February 2006, the Supreme Court of Ohio decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court, applyingBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466, held that R.C. 2929.14(B), (C) and2929.19(B)(2), concerning the imposition of nonminimum and maximum sentences, violate a defendant's Sixth Amendment right to a trial by jury. Id. at paragraphs one and two of the syllabus. The Foster court severed these provisions from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing without reliance on the severed statutory provisions. Id., ¶ 103-104.
 {¶ 17} In the present case, at the October 5, 2005 sentencing hearing and in its October 6, 2005 judgment entry, the trial court found that the shortest prison term would demean the seriousness of the offense and not adequately protect the public (R.C. 2929.14(B)) and that appellant committed the worst form of the offense (R.C. 2929.14(C)); the court then imposed a maximum sentence. Accordingly, because the trial court relied on portions of the sentencing statutes that Foster held were unconstitutional, appellant's second assignment of error is well-taken.[1] *Page 6 
 {¶ 18} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the trial court for resentencing. Appellant and appellee are each ordered to pay one-half of the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] Appellant also argues that retroactive application ofFoster violates the Ex Post Facto and Due Process Clauses as it eliminates statutory presumptions at sentencing and certain appellate rights. We note that because appellant has not yet been resentenced under Foster, the issue is not ripe for our review. *Page 1