DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction entered by the County Court of Fulton County, Western District, after defendant-appellant, Donald F. Kolb, Jr., entered a plea of no contest to a charge of driving while intoxicated following the court's denial of his motion to suppress. *Page 2 
 {¶ 2} The following facts are derived from the trial court's findings of fact set forth in its ruling denying appellant's motion to suppress and from the transcript from the hearing on the motion to suppress. On March 15, 2007, at approximately 9:40 p.m., appellant was operating his motor vehicle in the northbound lane of State Route 66 in Fulton County, Ohio, when Trooper John D. Chaney of the Ohio State Highway Patrol witnessed him cross the center line of the road and park his vehicle in front of his mailbox, which was across the street from his driveway, in an apparent effort to retrieve his mail. In doing this, appellant's vehicle was partially off of the roadway facing oncoming traffic. Appellant activated his four-way hazard lights, however, while retrieving his mail, a vehicle approached from the southbound direction and had to slow to avoid appellant's vehicle. Appellant then backed-up his vehicle a short distance and proceeded to make a right turn into his driveway. While appellant's vehicle was still in the roadway, however, Trooper Chaney activated his overhead lights. Chaney believed that appellant had violated R.C. 4511.66, parking in a roadway, and had intended to give appellant a warning. Appellant failed to respond to the flashing lights, pulled into his driveway and continued down the drive for approximately 200 feet, stopping his vehicle outside of his residence and within ten feet of his garage. Trooper Chaney followed appellant down his driveway and radioed the dispatcher that he was entering a private drive.
 {¶ 3} After appellant exited his vehicle, Trooper Chaney requested that he come to the officer in an apparent attempt to discuss his offense. In speaking with appellant, *Page 3 
Trooper Chaney smelled an odor of alcohol upon appellant's breath. Upon further questioning, Trooper Chaney determined that appellant had been consuming alcohol and asked him to conduct certain field sobriety tests. As a result of appellant's performance on those tests, Trooper Chaney found that there was probable cause to believe that appellant was driving while under the influence of alcohol in violation of R.C.4511.19(A)(1) and arrested him for that offense.
 {¶ 4} Subsequently, appellant filed a motion to suppress all of the evidence against him. Appellant asserted that his seizure was unlawful as it was conducted upon the curtilage of his residential property without a warrant. He further asserted that because his conduct had not violated R.C. 4511.66, Trooper Chaney was mistaken as to the law and did not have probable cause to believe that appellant had committed that offense. The court held a hearing on the motion to suppress at which Trooper Chaney and appellant testified. In addition, the videotape recording from Trooper Chaney's cruiser documenting his apprehension of appellant was played in court and admitted into evidence. That recording establishes that Trooper Chaney activated his overhead lights in an attempt to stop appellant before appellant pulled into his driveway.
 {¶ 5} On June 6, 2007, the lower court filed its decision denying appellant's motion to suppress. The decision included the findings of fact set forth above as well as others that will be noted later in this decision. In relevant part, the court concluded that Trooper Chaney observed appellant violating a traffic law and therefore had the right to stop him in a public roadway. The trooper activated his lights while appellant was on a *Page 4 
public roadway and, so, had the authority to follow appellant into his driveway to issue a citation or warning regarding the improper conduct. The court further found that, based on the facts of this case, the trooper did not stop appellant within the curtilage of his home but, rather, stopped him in a public place. Because the stop was proper, the court held that the trooper had probable cause to arrest appellant for driving under the influence. After the court denied his motion to suppress, appellant changed his plea to no contest, the court found him guilty of driving under the influence in violation of R.C.4511.19(A)(1), and sentenced him accordingly.
 {¶ 6} Appellant now challenges his conviction and the denial of his motion to suppress through the following assignments of error:
 {¶ 7} "Assignment of Error Number One
 {¶ 8} "The trial court erred in determining that the state's warrantless seizure of appellant, upon his private driveway, 200 feet off of a public road and within 10 feet of his residence, was not upon the curtilage of said residence, whereby appellant was denied his rights under the Fourth Amendment of the U.S. Constitution and Article I, Section 14, of the Ohio Constitution.
 {¶ 9} "Assignment of Error Number Two
 {¶ 10} "The trial court erred in failing to suppress evidence obtained by a law enforcement officer without a warrant who committed a common law trespass unauthorized by R.C. § 2935.03 by entering upon appellant's posted property at night *Page 5 
without exigent circumstances or consent and seizing appellant for purposes of issuing a minor traffic warning, all in violation of Article I, Section 14 of the Ohio Constitution.
 {¶ 11} "Assignment of Error Number Three
 {¶ 12} "The trial court erred in failing to suppress evidence derived from appellant's warrantless illegal seizure, said seizure being predicated on a mistake of law, unauthorized by R.C. § 2935.03, and unsupported by `probable cause,' all in violation of the Ohio and U.S. Constitutions."
 {¶ 13} Because appellant's assignments of error collectively challenge the trial court's denial of his motion to suppress, they will be discussed together.
 {¶ 14} We begin our review of the motion to suppress ruling by setting forth the applicable standard of review. Review of a ruling on a motion to suppress involves a mixed question of law and fact. State v.Davis (1999), 133 Ohio App.3d 114, 117. The trial court acts as the trier of fact; therefore, that court alone weighs the evidence and determines the credibility of the witnesses. The reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Brooks (1996), 75 Ohio St.3d 148,154. Having accepted the facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts met the appropriate legal standard. State v. Anderson (1995), 100 Ohio App.3d 688, 691.
 {¶ 15} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures, even when operating a motor *Page 6 
vehicle. Section 14, Article I of the Ohio Constitution affords the same protection as the Fourth Amendment. State v. Robinette (1997),80 Ohio St.3d 234, 239. A traffic stop based on probable cause that a traffic code violation has occurred passes constitutional muster. Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus. Probable cause is provided when an officer observes a traffic code violation. Whren v.United States (1996), 517 U.S. 806, 810.
 {¶ 16} In the present case, Trooper Chaney observed appellant violate R.C. 4511.66(A), which reads in relevant part:
 {¶ 17} "Upon any highway outside a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway."
 {¶ 18} Appellant argued below, and argues herein, that this statute does not apply to him because he lives in a residence district as that term is defined in R.C. 4511.01(OO). That statute reads: "`Residence district' means the territory, not comprising a business district, fronting on a street or highway, including the street or highway, where, for a distance of three hundred feet or more, the frontage is improved with residences or residences and buildings in use for business." The lower court determined *Page 7 
however, as do we, that appellant does not live in a residence district. The evidence at the hearing below established that appellant's home sits in a wooded area approximately 200 feet off of State Route 66, that he owns approximately three acres, and that he owns approximately 600 feet of frontage along State Route 66. In addition, appellant's property is located next to a farm. We therefore do not find that appellant's property sits within a residence district and, accordingly, he was in violation of R.C. 4511.66 when he parked along the southbound lane in order to retrieve his mail. As such, Trooper Chaney had probable cause to initiate a traffic stop of appellant.
 {¶ 19} Appellant asserts, however, that because his seizure occurred on the curtilage of his home it was unreasonable. "Curtilage" has been defined as an area outside the home but "so intimately tied to the home itself that it should be placed under the home's `umbrella' ofFourth Amendment protection." United States v. Dunn (1987), 480 U.S. 294, 301. That is, "[t]he Fourth Amendment's protection against warrantless home entries extends to the `curtilage' of an individual's home." State v.Williamson, 12th Dist. No. CA2003-02-047, 2004-Ohio-2209, ¶ 16, citingDunn, supra.
 {¶ 20} The lower court determined that Trooper Chaney's arrest of appellant was not upon the curtilage of his home. In light of the test for curtilage set forth in Dunn, supra at 301, we agree. The court inDunn, supra at 301, determined that curtilage questions should be resolved with particular reference to four factors: "the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the *Page 8 
steps taken by the resident to protect the area from observation by people passing by." The lower court looked to these factors and found that the arrest occurred in close proximity of appellant's home, the area was not enclosed by a fence or any form of enclosure, appellant did not engage in activities in front of his home in which he engaged in areas of the home that were not observable from the roadway, and that although appellant posted a "No Trespassing" sign the sign did not protect the area from observation from the roadway. The court found it significant that the area where appellant was arrested was observable from the roadway. The court's factual findings regarding curtilage are supported by competent, credible evidence.
 {¶ 21} Accordingly, appellant's arrest was based on probable cause and was executed in a public place. As such, his Fourth Amendment rights were not violated and the lower court did not err in denying his motion to suppress. See State v. Eberhart, 1st Dist. No. C-010346, 2002-Ohio-1140. The three assignments of error are not well-taken.
 {¶ 22} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the County Court of Fulton County, Western District is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1