[Cite as *State v. Cunningham*, 2014-Ohio-3271.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-13-041

      Appellee                                Trial Court No. 13 CR 650

v.

Jeffrey L. Cunningham                    **DECISION AND JUDGMENT**

      Appellant                               Decided: July 25, 2014

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Timothy F. Braun, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jeffrey Cunningham, appeals the December 3, 2013 judgment of

the Sandusky Court of Common Pleas which, following a jury trial convicting him of

burglary, sentenced appellant to four years of imprisonment. Because we find that the

court did not err when it denied appellant's motion to suppress, we affirm.

**{¶ 2}** Appellant was indicted on one count of burglary, R.C. 2911.12(A)(1), stemming from the June 9, 2013 alleged break-in at his neighbor's home. Appellant entered a not guilty plea. On August 27, 2013, appellant filed a motion to suppress any statements he made to the Sandusky County Sheriff's office. The state opposed the motion. Following a hearing, on October 28, 2013, the trial court denied the motion finding that the statements were voluntary. The matter then proceeded to a jury trial where appellant was convicted of the count in the indictment.

**{¶ 3}** On December 3, 2013, appellant was sentenced to four years of imprisonment. Appellant commenced this appeal and raises the following assignment of error:

> The trial court improperly admitted the appellant's statements which were not voluntary or reliable because of intoxication.

**{¶ 4}** In his sole assignment of error, appellant challenges the denial of his motion to suppress. Appellate review of a decision on a motion to suppress presents a mixed question of law and fact. *State v. Davis*, 133 Ohio App.3d 114, 117, 726 N.E.2d 1092 (6th Dist.1999). Since a trial court deciding the motion to suppress acts as a fact-finder, an appellate court must accept the trial court's findings of fact as true if supported by competent, credible evidence. *State v. Kobi*, 122 Ohio App.3d 160, 167-168, 701 N.E.2d 420 (6th Dist.1997). However, an appellate court reviews de novo the trial court's application of the law to the facts. *Id.*

2.

{¶ 5} At the October 23, 2013 suppression hearing, the following relevant evidence was presented. Sandusky County Sheriff's Deputy Brian McGrady testified that at approximately 1:00 a.m. on January 9, 2013, he and Captain Hamilton were dispatched to appellant's neighbor's residence following a 911 call that appellant was "pounding" and attempting to gain entry into the residence. When they arrived at the rural, single-family residence the female complainant met them in the driveway. Deputy McGrady testified that when the female began speaking with them about her complaint, appellant exited his trailer home and began walking across the yard towards them. The female identified appellant as the individual who had attempted to enter her home.

{¶ 6} Deputy McGrady testified that he approached appellant and, upon contact, was immediately aware that he was intoxicated. Appellant emanated a strong odor of alcohol, had bloodshot eyes, and was staggering. McGrady informed appellant of the complaint. According to McGrady, appellant stated that he had been in the complainant's home that day to do some plumbing work. Appellant admitted that earlier that evening, at approximately 11:00 p.m., he entered the home through a window although he knew that the complainant was not home in order to check to make sure there were no leaks.

{¶ 7} At that point Captain Hamilton, who had been speaking with the complainant, came over and appellant was placed under arrest. Appellant then asked if he could secure his residence and dogs; appellant was led to his home. McGrady testified that after entering the trailer, appellant tried to grab something off of the kitchen counter

3.

while handcuffed. McGrady stated that the items were "miscellaneous" sex toys that he believed came from the complainant's residence. Captain Hamilton took the items and confirmed that they were the complainant's.

{¶ 8} When Captain Hamilton exited the residence, Deputy McGrady gave appellant his *Miranda* warnings. When asked, appellant indicated that he did not understand the warnings; at that point, McGrady stopped all questioning. Appellant then stated that he had taken the items as a joke and was going to return them. He further admitted that he should not have entered the residence. Shortly thereafter, appellant's residence was secured and he was transported to jail.

{¶ 9} Following McGrady's testimony, the court raised the issue of whether the deputies had any duty, because appellant was intoxicated, to inform him that because he did not understand *Miranda*, he should stop talking. The court stated that it would exclude all statements made following arrest and the *Miranda* warnings. The court then clarified that it would reserve its ruling until provided with case law on the issue.

{¶ 10} On October 28, 2013, the trial court denied appellant's motion to suppress. The court found that the pre-arrest statements made to the deputies were part of a consensual encounter, initiated by appellant, and his statements were voluntary. The court then found that any statements made following his arrest and *Miranda* were also voluntary, as they were not in response to any questions posed by the deputies.

{¶ 11} Appellant now argues that due to his intoxication his statements to police were not voluntary. In support, appellant cites a United States Supreme Court case which

4.

sets forth that statements to police may be considered involuntary where the defendant's "will was overborne." *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). In *Townsend*, the defendant, a heroin addict, was arrested for robbery and murder. While in custody, Townsend was subjected to lengthy and repeated questioning and began suffering from heroin withdrawal. *Id.* at 298. A doctor was called and administered phenobarbital and hyoscine which, according to the defendant, has the properties of a truth serum. *Id.* Thereafter, the defendant issued a full confession. *Id.* at 299. The court concluded that an evidentiary hearing on his petition for habeas corpus relief was required in order to obtain evidence of the properties of the drugs administered to the defendant in order to determine whether his statement was the product of "free will." *Id.* at 321.

{¶ 12} In general, where a defendant volunteers statements to police there is no prohibition against their use at trial. *Edwards v. Arizona*, 451 U.S. 477, 485, 101 S.Ct. 1880, 68 L.E.2d 378 (1981). Ohio courts have held that "[e]vidence of intoxication, without more, does not compel the conclusion that a statement to police was made involuntarily and must be suppressed." *State v. Hill*, 5th Dist. Fairfield No. 2003-CA-67, 2006-Ohio-1408, ¶ 44, citing *State v. Stewart*, 75 Ohio App.3d 141, 147, 598 N.E.2d 1275 (11th Dist.1991). "[W]hile the presence of drugs or alcohol should be considered, the amount must sufficiently impair the confessor's ability to reason." *State v. Daniel*, 11th Dist. Trumbull No. 89-T-4214, 1990 WL 237188, *12 (Dec. 31, 1990).

5.

{¶ 13} At the suppression hearing, no evidence was presented to demonstrate that appellant was so intoxicated that his ability to reason was impaired. Appellant approached the officers and volunteered that he had done plumbing work earlier in the day (which was, in fact, true) and that he had entered the home to check on his work when he knew the complainant was gone. Further, after being led into his home he tried to hide the items he had taken. Finally, appellant attempted to explain that the theft was just a "joke" and that he had planned to return the items.

{¶ 14} More importantly, the statements made following his arrest and failed *Miranda* warnings were not in response to any questioning or coercion by the deputies involved. Appellant spontaneously offered the information. Thus, reviewing the totality of the circumstances, we agree with the trial court's conclusion that the statements at issue were voluntary and admissible. Appellant's assignment of error is not well-taken.

{¶ 15} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____

                                                      JUDGE

Arlene Singer, J.            

                                                      _____

Thomas J. Osowik, J.                                             JUDGE

CONCUR.

                                                      _____

                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.